State of Minnesota ex rel. v. Davis.

. STATE OF MINNESOTA *ex rel.* LYDIA HULL

*vs.*

ROBERT DAVIS, Treasurer, &c.

A mandamus will not lie to a public officer, commanding him to perform an official duty, in the absence of a previous demand on him to perform such duty.

An affidavit which shows that the relator is the owner and holder of an order of the trustees of a school district upon the treasurer of such school district for a certain sum of money; that the district treasurer has in his hands funds applicable to such order, but not sufficient in amount to pay the whole amount of the order; that the *county treasurer* has in his hands funds belonging to such school district, subject to be drawn by and paid to the treasurer thereof, sufficient in amount, with the funds in the hands of the district treasurer, to pay the warrant, and alleges a demand upon the district treasurer to pay the warrant, but does not allege a demand upon him to collect, or demand the money due to the district in the hands of the county treasurer, does not state facts sufficient to authorize a mandamus to the district treasurer commanding him to ,collect the moneys in the hands of the county treasurer, and then pay the full amount of the relator's order.

The relator applied to the district court for the county of Steele for an alternative writ of mandamus, which was granted. The respondent appeared and moved to dismiss the writ. This motion was also granted, and the relator appeals from the order granting the same to this court. The only question considered in this court is as to the sufficiency of the affidavit upon which the writ was granted. The facts set forth in the affidavit appear in the opinion of the court.

A. A. HARWOOD, for Appellant.

WHEELOCK & COGGSWELL, for Respondent.

*By the Court.*—McMILLAN, J.—This is an appeal by the relator from an order of the district court of Steele county dismissing the writ of mandamus.

The objection made to the writ in the court below would seem to have been, that the relator had an adequate remedy at law, but in this court the respondent makes the further ground that the affidavit for the writ does not state facts sufficient to authorize the writ.

The affidavit alleges the making of a contract between the relator and school district number thirty-nine of Steele county, by which the relator was employed to teach the district school of said school district for the term of three months, from the 3d day of January, 1870, till the 25th of March, 1870; the performance of the contract on the part of the relator; a full settlement by her with the school district board of said district under the contract; that upon such settlement there was found due and owing to the relator under the contract for her services the sum of sixty dollars, for which an order was duly drawn on the respondent, treasurer of said school district, on the 25th of March, 1870; that on the last day of March, 1870, the said Robert Davis, treasurer as aforesaid of said school district, had, ever since has had, and still has in his hands and possession the sum of forty-three dollars, belonging to said school district, and belonging also to the fund of said district for paying teachers' wages, and the proper fund with which to pay said order; and that there was on said last day of March, ever since has been, and still is in the hands and possession of the county treasurer of Steele county aforesaid duly apportioned as required by law, by the auditor of said county, the sum of twenty-five dollars and ninety cents, belonging to said district, being the March apportionment of the year 1870, of Steele county school fund, which said sum of $25.90 also belongs to the school fund of

said district for the payment of teachers' wages, and also the proper fund with which to pay said order; which last mentioned sum was then, ever since has been, and now is in the hands of said county treasurer, subject to be drawn by, and paid to said Robert Davis, treasurer as aforesaid, whenever he should require the same to be done; that on the 4th day of April, 1870, this affiant presented said order to the said Robert Davis, treasurer as aforesaid, and demanded of him, as such treasurer, payment thereof, which he then and there refused in whole, and still does so refuse; that she has ever since been and is the owner and holder of said order, and that the full amount is now due and owing to her.

It prayed for an alternative mandamus, commanding the said Robert Davis, treasurer of said school district, to require, demand and receive of the said county treasurer of the county of Steele, the said moneys so as aforesaid in his hands, and so as aforesaid apportioned, to-wit: the said twenty-five dollars and ninety cents, and then to pay this affiant the said sum of sixty dollars, so as aforesaid due her on said order, &c. The writ is not contained in the paper-book, but it is stipulated that it conforms to the affidavit.

The allegation of a demand and refusal contained in the affidavit is, "That on the 4th day of April, 1870, this affiant presented said order to the said Robert Davis, treasurer as aforesaid, and demanded of him as such treasurer payment thereof, which he then and there refused in whole, and still does so refuse."

A writ of mandamus will not be granted unless the facts stated show clearly that the relator is entitled to the writ. The respondent in this case is a public officer, and the presumption, *prima facie*, is that he has performed his duty. The allegation of a demand and refusal is not for the purpose

of showing a breach of contract, but a violation of official duty by the respondent.

If the alleged refusal, taken in connection with the demand stated, does not show that it was a refusal to pay the demand in full only, it, at least, is of so uncertain a character as to render it insufficient under the circumstances as an allegation of a refusal to pay any part of the amount presented, and as the funds in the hands of the treasurer were insufficient to pay the whole amount of the warrant, the officer would be justified in refusing to pay the full sum demanded; but however that may be, the command of the writ prayed for and issued to the respondent, is to require, demand and receive of the said *county treasurer* of the county of Steele, the said money, so as aforesaid in his hands, and so as aforesaid apportioned, to-wit: the said twenty-five dollars and ninety cents, and then to pay this affiant the said sum of sixty dollars, so as aforesaid due her on said order.

There is no allegation whatever of a demand upon the respondent to collect or demand the money in the hands of the county treasurer due to the school district, and in the absence of such demand, a mandamus will not lie against the officer to compel him to perform this duty; and until this money was obtained by the respondent from the county treasurer, the writ would not lie to compel him to pay the full amount of the order, sixty dollars, due to the relator, which is the command of the writ.

The affidavit, therefore, does not state facts sufficient to authorize the writ. For this reason the judgment appealed from is affirmed.