THE STATE, EX REL. A. B. TUTTON, PLAINTIFF, V. A. C. EBERHARDT ET AL., DEFENDANTS.

Mandamus: DEMAND. Where a proceeding by mandamus is instituted by a private individual, as a tax-payer, against a county clerk and treasurer to require them to keep the books pertaining to their respective offices in a particular manner, it must appear that a demand for that purpose was made upon such officers before the action was commenced.

ORIGINAL application for mandamus.

*T. M. Marquett,* for relator.

*Harwood & Ames, McKillip & Page, France & Sedgwick,* and *John C. Cowin,* for respondents.

MAXWELL, J.

The respondents, Eberhardt, Wulbrandt, and Love, were county commissioners of York county at the time this action was instituted. Gandy was county treasurer, and Eatherly clerk, and the relator deputy clerk of the same county. The relator made application for a writ of mandamus against the respondents, alleging their failure to perform certain duties required by law, and asking that they be required to perform the same. An alternative writ was granted, wherein the cause of action against the clerk is stated in substance to be his neglect to charge the treasurer with $1994.32, interest, added to the taxes after they became due. The treasurer is alleged to have been continuously in that office since 1873, and it is alleged that his books have not been and are not kept to show "the amounts received and paid out on account of each separate and distinct fund or appropriation, in separate or distinct columns or accounts, and for each year, and for the present term of his said office separate and distinct from other years and other terms of the office of county treasurer," etc. There are many other allegations of a like vague and indefinite character, but nowhere a charge of fraud, or that the books do not show the amount of money received and paid out. As to the county commissioners, while there are many indefinite allegations as to their neglect of duty, there is no such specific statement of facts showing neglect as would justify the intervention of this court to compel action.

The respondents have answered the writ, but as the answers contain no admissions tending to aid the writ, it is unnecessary to notice them. The respondents now move to quash the writ because it fails to state facts entitling the relator to the relief sought.

The county clerk is required to keep an accurate account with the county treasurer of all matters in relation to taxes

collected and paid out, and the county treasurer is required to keep a cash book, " in which he shall enter an account of all money by him received, specifying in proper columns provided for that purpose the date of payment, the number of the receipt issued therefor, by whom paid, and on account of what fund or funds the same was paid, whether state, county, school, road, sinking fund, or otherwise, and the amounts paid in warrants, orders, receipts, each in a separate column, and the total amount for which the receipt was given in another column ; and the treasurer shall keep his account of money received for and on account of taxes separate and distinct from moneys received on any other account; and shall also keep his account of money received for and on account of taxes levied and assessed for any one year separate and distinct from those levied and assessed for any other year; and all entries in said cash book of money received for taxes shall be in the numerical order of the receipts issued therefor." Comp. Stat., 419.

In Moses on Mandamus, 204, it is said : " The petition for a mandamus should present to the court a *prima facie* case of duty on the part of the defendant to perform the act demanded, and an obligation to perform it; otherwise the alternative writ will not be granted. It should also appear from the petition that a demand has been made on the defendant to do the thing he is sought to be compelled to do, and that he has refused and neglected to do it. *Stephens Nisi Prius*, 2318–19. 9 Mich. 328."

In Redfield on Railways (5th Ed.), 659, note 6, it is said: " It is first indispensable to demand of the party against whom the application is to be made to perform the duty. See also *State v. The Governor*, 1 Dutch., 331. *State v. Parker*, 7 Rich., 234. *State v. Davis*, 17 Minn., 429.

Mandamaus will only be granted where the party applying for the writ has no other specific or adequate remedy. County commissioners have a general supervision of the books and accounts of the clerk and treasurer, and the pre-

The State v. Eberhardt.

sumption is that such commissioners will perform their duty and require the books to be kept in the mode pointed out by the statute. But if they fail to do so a private individual cannot in the first instance bring mandamus against such clerk and treasurer without making a demand upon them to perform their duties in the manner pointed out. One of the reasons for such demand is that there is frequently a difference of opinion as to the proper construction of a particular statute, and the party against whom it is proposed to proceed should have an opportunity to act upon his adversary's construction before being involved in litigation.

This action is prosecuted for the benefit of the relator as a tax-payer—in other words is a private action. It would seem but justice, therefore, that he should have stated to the respondents his construction of the law and asked them to comply therewith, and having failed to do so he cannot maintain the action. The action against the commissioners is in effect to require them to settle with the treasurer according to the corrected books of the clerk hereafter to be made. It will be time enough to grant a mandamus when such books have been changed and are shown to be correct and the commissioners refuse to act upon them.

As the alternative writ fails to state a cause of action it must be quashed and the action dismissed.

JUDGMENT ACCORDINGLY.