CROMBIE S. CHESEBRO ET AL. v. ROBERT M. MONTGOMERY, CIRCUIT JUDGE OF KENT COUNTY.

*Equity—Bill to set aside and declare void certain deeds—Decree— Mandamus—Practice in Supreme Court.*

1. *Mandamus* to compel a circuit judge to enter a final decree was denied where it did not satisfactorily appear that relator had made a motion therefor prior to filing his petition, such an application being an essential prerequisite to the relief sought, and it further appearing from the return that the judge was willing to enter the decree.

2. The Court will not enter into a consideration of the merits of the issues involved in a chancery case upon application for *man- damus.*

*Mandamus.* Submitted April 17, 1888. Denied same day, and opinion filed June 20, 1888.

Relator applies for *mandamus* to compel the entry of final

decree in a chancery case.   The facts are stated in the opinion.

*Earle & Hyde,* for relators.

*Smith & Stevens,* for respondent.

PER CURIAM.   Relators, with others, filed their bill against the Grand Rapids, Lansing & Detroit Railroad Company to set aside and declare void certain deeds obtained for a right of way by the defendant over lands claimed by relators, and to restrain defendant from entering upon said right of way and building its road thereon.

The defendant, in its answer to said bill, denies the facts alleged which it is claimed make said deeds void, and avers that it has good title to the right of way conveyed thereunder, and that complainants have no ground for the relief prayed; that the defendant took peaceable and quiet possession of said right of way conveyed to it, and, for several weeks before filing the bill, had been at work constructing its road thereon.

Proofs were taken in open court, and on February 29, 1888, a decree was entered by the circuit judge to the effect that the deeds were void, and conveyed no title to defendant, but that defendant proceeded in good faith in its endeavor to secure a good title, and supposed it had done so, and entered upon the land, and has done no more than it believed it had the right to do, and that it would be seriously injured by an interruption in the construction of its road; and ordered that complainants be entitled to an injunction preventing defendant from going upon the premises, or continuing its work, unless it should deposit with the register a sum sufficient to cover any prospective award of damages to be made in condemnation proceedings thereafter to be had, and to be commenced in 20 days; and in case of failure to make such deposit, or to take such proceedings within the time limited,

the case should be heard on four days' notice, and complain-
ants to have the injunction prayed for.

If the parties failed to agree'as to the amount that should
be deposited to meet the prospective award, a right to a refer-
ence was reserved to take testimony upon the subject, and,
upon the coming in of the report, either party was to have
the right to move for an interlocutory decree fixing the
amount. A reference was had, and the defendant examined
two witnesses upon the reference under the order, and on
March 10, 1888, gave notice to complainants of the filing of
the commissioner's report, and that it would move the court,
on March 15, to fix the amount that defendant should
deposit. On this motion said amount was thus fixed by the
court at the sum of $800. At this stage of the proceedings,
the relators move in this Court for a writ of *mandamus* to
require the circuit judge—

"To vacate all of said decretal order except and after the
finding that the deeds under which the said defendant claims
the said strip of land are void."

And further directing that said circuit judge do proceed to
a final decree in said court.

*Held,* that it appears from the answer of the respondent to
the order to show cause that he has been ready and willing
to enter an interlocutory order or decree in said cause upon a
showing either of a compliance or a non-compliance with the
order made by him, and that since the order to show cause,
taken in this case, was served, a motion for final decree has
been made by counsel for defendant, accompanied by proofs
of the commencement of proceedings to condemn the land
for said right of way mentioned in the bill by complainants,
and that it has deposited with the register said $800, in pur-
suance of the order of the court made March 15, and that
respondent only withholds action awaiting the determination
of this motion.

*Held,* further, that it does not satisfactorily appear that

motion was ever made by complainants for final decree before making their petition. This was an essential prerequisite to the motion. But, aside from this, this Court will not enter upon an investigation of the merits of the issues involved in the chancery case upon this motion. Before those can be considered in this Court, they must be brought before us in the regular way, after final decree made. It appears, however, that the circuit judge is entirely willing, from his return, to grant what the relators pray for.

We see no occasion for issuing the writ, which will be denied.