STATE, EX REL. C. HARNISH, v. I. R. SMITH ET AL.

[FILED MARCH 24, 1891.]

Mandamus: RELATOR A PRIVATE CITIZEN: DEMAND NECES-
SARY. It is indispensable to demand of the party, if a private
individual, against whom application for *mandamus* is to be
made, to perform the duty before the action is commenced. (*Tut-
ton v. Eberhardt*, 14 Neb., 201.)

ORIGINAL application for *mandamus*.

*M. F. Harrington*, and *William Leese*, for relator.

*Thomas Carlon*, and *Harwood, Ames & Kelly*, contra.

No briefs filed.

COBB, CH., J.

The relator on April 29, 1890, applied to this court for
a peremptory *mandamus* to Israel R. Smith, William J.
Canton, Frank Campbell, Fred E. Heinerickson and Mich-
ael M. Sullivan, defendants, as the sole members of the
city council of the city of O'Neill, in Holt county, alleg-

ing that he is a citizen of the United States, a resident tax-payer of the third ward of said city, and a duly qualified elector thereof.

II. That at the general election on the first Tuesday of April, 1889, James P. Weeks was duly elected councilman for said ward for the term of two years, and on October 15, 1889, removed from said city, and has been a non-resident thereof and absent therefrom, and said office has remained vacant hitherto, and was vacant more than thirty days prior to the election of the first Tuesday of April, 1890.

III. That less than twenty, and more than ten, days before said election, on March 15, 1890, the defendant gave public notice that at the Potter House, in said Third ward, on said day of election, such election would be held for a councilman to fill the vacancy caused by the removal of Weeks, which was duly held accordingly.

IV. That the total vote cast in said ward at said election was 100 votes, and no more, of which the relator received, as councilman, 51 votes to fill such vacancy, being a majority, and was thereby duly elected to such office.

V. That the first meeting of said city council thereafter was on April 6, following, at which all the defendants, except M. M. Sullivan, were present, and at which they neglected and refused to issue to the relator a certificate of election as councilman for said ward, and did issue certificates to every other councilman elected, and also to the mayor and to other city officers so elected; and said council is not now in session.

VI. Your relator is without other remedy at law.

VII. And, therefore, asks a peremptory writ of *mandamus* commanding the defendants to issue to him a certificate as councilman for said Third ward of the city of O'Neill for one year to fill the vacancy aforesaid.

Notice was served on the respondents of the application to be made for the writ.

The respondents answered denying each and every allegation of the relator.

2. They admit the relator is a citizen and tax payer, as stated, and that James P. Weeks was elected councilman of the Third ward for the term of two years; also the fourth paragraph of the information.

3. As to the allegations of paragraph two, they deny the same and aver that Weeks has not been in the city of O'Neill since November 1, 1889, but that his family have resided continuously in the Third ward at the same residence of said Weeks at the time he was elected councilman, and so reside at present; and so deny the other allegations of said paragraph two.

4. As to paragraph five, they aver that at the first meeting, on April 6, 1890, after other business, the session was adjourned to April 11, following, and at the next session, after other business, adjourned to April 30, following.

5. And deny that they refused at any of said meetings to issue a certificate of election to the relator.

6. And produce the certificate of the city clerk and the affidavits of M. M. Sullivan and I. R. Smith as Exhibits A, B, and C, in evidence of the fact.

7. They deny that the city council ever declared a vacancy of the office, or that it authorized a call for an election for a successor to said Weeks. They admit that the mayor, presuming there was such vacancy, owing to the temporary absence of Weeks, ordered the city clerk to make such call.

The relator's case should furnish to the court *prima facie* evidence of a duty on the part of the respondents to be performed in their office of common councilmen, an obligation to perform that duty, and their refusal to perform it upon proof of formal specific demand.

The relator alleges that the respondents neglected and refused to issue to him a certificate of election as councilman of the Third ward of the city of O'Neill, to fill a

given vacancy; but neither alleges that a demand was made, nor brings proof of it.

The respondents deny either that a demand was made by the relator, or that a refusal was given by themselves to issue the certificate.   In the case of *Tutton v. Eberhardt*, 14 Neb., 201, it was held, "where *mandamus* is instituted by a private individual against a county clerk and treasurer to require them to keep the books of their respective offices in a particular manner, it must appear that a demand for that purpose was made upon the officers before the action was commenced."

In Redfield on Railways, p. 659, it is said that "It is first indispensable to demand of the party against whom the application for *mandamus* is to be made to perform the duty." (*State v. Governor*, 1 Dutch., 331; *State v. Lehre*, 7 Rich., 234; *State v. Davis*, 17 Minn., 429.)

For the want of evidence of demand by the relator the writ is

DENIED.

THE other judges concur.