# Bolling v. Roman.

*Bill in Equity between Mortgagees, for Injunction of Sale under Power, Adjustment of Priorities, and Foreclosure.*

1. *Waiver of mortgage lien construed.*—A letter addressed by a merchant who held a mortgage on two or more tracts of land, on one of which it was a first lien, to a firm of commission-merchants who held another mortgage on the lands, in these words : "If you will advance to G. & Co. [mortgagors] an additional amount of $2,500, for the purpose of making their arrangements to carry on their mercantile business and to make their crops, so as to make their indebtedness to you, including the above $2,500, in all $10,500, I will and do hereby waive my mortgage lien on the land and personal property of said G. & Co., to the extent of said indebtedness and interest, for and on your account only,"—applies not only to the $2,500 additional advance, but to the entire indebtedness ($10,500) and interest.

APPEAL from the Chancery Court of Montgomery.
  Heard before the Hon. JOHN A. FOSTER.
  The bill in this case was filed on the 1st July, 1891, by S. Roman against R. E. Bolling, and sought to enjoin a sale of

[Bolling v. Roman.]

lands by the defendant under a power in a mortgage executed to him by Giddens & Co., a mercantile partnership; also to adjust the priorities and equities of the parties under the mortgages held by them respectively, and for a foreclosure. The complainant was the owner, by assignment from Lehman, Durr & Co., of two mortgages executed to them by said Giddens & Co., the first conveying a tract of land in Montgomery county and a tract in Lowndes county, and the second conveying the same lands and another tract in Crenshaw county, with certain personal property. The first mortgage was given on the 20th January, 1886, and the lands conveyed by it were then subject to the lien of a prior mortgage in favor of J. A. Tyson. The defendant's mortgage was dated January 29th, 1886, and was a first lien on the lands in Crenshaw county, but a third lien on the other lands. The second mortgage to Lehman, Durr & Co. was dated February 5th, 1887, and was given to secure an indebtedness of $10,500, which was the balance due on the former indebtedness and additional advances of $2,500, made, as the bill alleged, on the faith of a waiver by the defendant of his prior lien on the lands in Crenshaw county. This waiver was contained in a letter addressed to them by the defendant, which was dated at Montgomery, February 5th, 1887, and in these words: "If you will advance to Giddens & Co. an additional amount of $2,500, for the purpose of making his [their] arrangements to carry on their mercantile business and to make their crops, so as to make their indebtedness to you, including the above $2,500, in all $10,500, I will and do hereby waive my mortgage lien on the land and personal property of said Giddens & Co., to the extent of said indebtedness and interest, for and on account of Lehman, Durr & Co. only." The bill alleged that this instrument had never been recorded, and was not subject to registration; that a sale by the defendant under the power in his mortgage would involve complainant in litigation with the purchaser, and would impair or defeat his priority of lien; and he therefore prayed an injunction to prevent the sale, a foreclosure of the several mortgages, an adjustment of the priorities, &c.

After answer filed, in which the defendant insisted that the waiver expressed in the letter extended only to the $2,500 additional advances made to Giddens & Co. on the faith of it, he moved to dissolve the injunction. The chancellor overruled and refused the motion, and his decretal order is assigned as error.

[Bolling v. Roman.]

E. P. MORRISSETT, for appellant.

TOMPKINS & TROY, *contra.*

STONE, C. J.—We can not agree with appellants in the construction of the written agreement of R. E. Bolling, bearing date February 5, 1887. The first employment of the word "indebtedness," in the agreement, refers unmistakably to the aggregated sum—the past indebtedness of eight thousand dollars, supplemented with the additional twenty-five hundred dollars to be advanced. The language of the writing is, "so as to make their indebtedness to you, including the above twenty-five hundred dollars, in all ten thousand five hundred dollars." We think and hold that the proper interpretation of the instrument is, that Bolling's offer was to permit the entire ten thousand and five hundred dollars to take precedence over his, Bolling's, mortgage on the lands in Crenshaw county.

The answer sets up in avoidance of the injunction, and of the suit, *first*, that there is a mistake in the writing, and that it does not truly express the agreement of the parties. This is affirmative matter set up, and, if proved, may be a defense to the claim, in whole or in part. It furnishes no ground for dissolving the injunction. *Second*, while the answer does not, and probably could not, deny the complainants' claim, as matter of knowledge, it nevertheless fails to admit its justness as claimed, and so questions it as to render it necessary to take the account, and to ascertain to what extent, if any, the original debt remains unpaid. The waiver was as to that debt, and none other. Only to the extent that debt, with its accruing interest, remains unsatisfied, is Bolling's mortgage to be postponed. This is a question for proof, and does not arise on the motion to dissolve the injunction on the denials in the answer.

Affirmed.