# Birmingham Mineral R. R. Co. *v.* City of Bessemer.

*Bill in Equity by Railroad Company to Enjoin City from Opening its Streets Across Right-of-Way.*

1. *Injunction; when dissolved; when not.*—An injunction should generally be dissolved upon a clear and explicit denial of the facts,
Vol. 98.

[Birmingham Mineral R. R. Co. v. City of Bessemer.]

averred in the bill, upon which the injunction is claimed; but, where the right to dissolve an injunction depends upon the truth of matter set up in the answer, in avoidance, or an independent defense, the rule is otherwise.

2. *Injunction dissolved for want of equity in bill; contradictory averments.*—On a motion to dissolve an injunction for want of equity in the bill, the whole bill will be considered together. If there be averments, which, if standing alone, might give it equity, if there are other averments which contradict or qualify these facts, and which, if true, show that the bill is without equity, the bill can not stand.

3. *How the equity of a bill may be taken away.*—The equity of a bill depending upon title shown by a valid parol contract of purchase, accompanied with possession, is taken away by an averment of title by deed, which is made an exhibit to the bill, which is contradictory of the title by parol, and which shows that the complainant's bill is without equity.

4. *What is not a dedication of right-of-way.*—The mere laying out of lots, and making a map showing streets, do not, of themselves, deprive the owner of the right to use the property as his own. There must be an acceptance of the dedication, of which the sale and purchase of lots is sufficient proof.

5. *Effect of filing map in the probate office.*—In determining the respective rights of the city, and the rights-of-way granted to the railroad, or to public uses acquired after the filing of the map and its acknowledgement, as provided in Act of Feb. 28, 18~7, (Acts 1886-8, p. 93) this court holds, that the interest which passed by virtue of the statute is superior to any that could be subsequently conveyed, without regard to the terms and covenants of any such subsequent grant and conveyance.

APPEAL from Birmingham City Court.
Tried before Hon. WM. W. WILKERSON.

HEWITT, WALKER and PORTER, for appellant. (No brief came into the hands of the reporter).

JAMES E. WEBB and THOMAS M. OWENS, for appellee.

1. Dedication of a private way by the owner, to the use of the public for a highway, is always a question of intention. 5 Am. & Eng. Ency. of Law, 572, sub. 5; Tiedman of Real Property, § 611; *New Or. R. R. v. Jones*, 68 Ala. 55; *Reed v. Mayor, etc. of Birmingham*, 92 Ala. 339; *Evans v. R. R. Co.*, 90 Ala. 54.

2. By the express terms of § 3 of Act Feb. 28, 1887, under which the Bessemer L. & I. Co. platted their lands, the filing of the map for record operated as a conveyance of the beneficial interest in the streets to the public; and thereafter the Land Company held the legal title in trust, and as a trustee for the uses and purposes set forth in the plat.

3. Therefore, if appellants ever acquired any interest in the lands of the Bessemer L. & I. Company, after the filing

of their map for record, it did so with notice of this trust by the Land Company for the public.—*Demopolis v. Webb*, 87 Ala. 662.

4. Courts of equity do not favor bills for injunction in cases like this, since all roads and streets are for the use of the public, and citizens of the State generally.—High on Inj. § 587 ; *Strenna v. City Council of Montgomery*, 86 Ala. 340.

5. Appellants claim that they took possession of this right-of-way under parol contract of purchase prior to the filing of appellants' map (April 11, 1887), is denied. It is also denied that there was any intention to give, or any gift of right-of-way to appellants prior to that time. Such demands justify the dissolution of the injunction. A parol contract to give appellants an exclusive use was void under the statute of frauds.—Code, § 1732.

COLEMAN, J.—The Birmingham Mineral Railroad Co. filed the present bill to enjoin the City of Bessemer from opening up Eighth Avenue across its right-of-way, without first making compensation, or resorting to condemnation proceedings under the statute. A temporary injunction issued in accordance with the prayer of the bill. The respondent demurred to the bill and also filed an answer. The cause was submitted upon the demurrer to the bill, and upon motion to dissolve the injunction. The motion to dissolve the injunction is based upon two grounds : 1st, the denials of the answer, 2d, for want of equity in the bill. The court overruled the demurrer to the bill, but dissolved the injunction upon the denials of the answer. The court was in error in basing the decree dissolving the injunction upon the denials of the answer. Where the facts averred, upon which the injunction is claimed, the burden of proving which are upon the plaintiff, are explicitly denied in the answer, generally the injunction should be dissolved, but where the answer sets up matter in avoidance, or an independent defense, the proof of which rests upon the respondent, the rule is otherwise.—*Rembert v. Brown*, 17 Ala. 667 ; *Jackson v. Jackson*, 91 Ala. 292 ; *Bolling v. Roman*, 95 Ala. 518 ; *Morris Canal Co. v. Jersey City*, 12 N. J. Eq. 227 ; 10 Amer. & Eng. Encyc. 1018 ; *Columbus & Western R'wy Co. v. Witherow*, 82 Ala. 190.

We find in some instances, where an averment of fact, made by the bill is denied in the answer, the denial is immediately followed by matters in avoidance, or matter in the nature of a defense, not responsive to the allegation of fact. We can not consider the merit of the defense, presented by

averments of this character made in the answer, upon a motion to dissolve the injunction.

The question of vital importance is that presented upon the motion to dissolve the injunction for want of equity in the bill. If there is no equity in the bill, then the injunction was properly dissolved and the conclusion of the court must be sustained, although the reason assigned was not the proper one. In determining this question, the whole bill must be considered together, and if there be averments in the bill, which, if standing alone, might give it equity, if there are other averments which contradict or qualify these facts, and which, if true, show that the bill is without equity, the bill can not stand. Pleadings must be construed most strongly against the pleader. The material facts presented in the amended bill are, substantially, the following : About the first of April, 1887, the complainant under a parol contract of purchase of the right-of-way from the Bessemer Land and Improvement Company, the consideration of which was an agreement to construct its railroad line over and along the right-of-way, entered into possession, and began the construction of the road, according to the agreement, and has been in possession of the same ever since, that the Improvement Company owned the fee, and promised on its part to make a conveyance of the right-of-way. It may be, that the facts here stated, if true, would remove the parol agreement from under the influence of the statute of frauds, and be effective to vest in the purchaser the right to compel a conveyance of the right-of-way.—*E. T., V. & Ga. R. R. Co. v. Davis*, 91 Ala. 615. In this agreement, as stated in the bill, the width of the right-of-way is not defined, but the agreement might not be void on this account.—*Ala. Mid. R'wy Co. v. Brown*, 13 So. Rep. 70. The bill, however, does not stop with the averments as to this parol agreement, but sets up the deed of conveyance made by the Improvement Company to show title in itself. This deed is made Exhibit "A" to the bill, and bears date June 15th, 1887, and is made the evidence of plaintiff's right and title to the right-of-way. Whatever may have been the parol agreement, the deed seems to have been accepted as a complete execution of, and compliance with the parol promise of the Improvement Company, and furnishes the terms of the conveyance, the width of the right-of-way, the limitations, if any, conditions and interest conveyed. It conveys the right-of-way "over the following lands in the city of Bessemer as now surveyed, laid off and drawn, to-wit," &c. The grantor covenants that the premises are free from incumbrance, that it is

seized in fee, and warrants the title. This deed makes no reference to any prior, or other agreement, or contract or sale, of the right-of-way. It will be noticed that the description of the right-of-way in the deed of conveyance, refers to the city of Bessemer, "*as now surveyed, laid off and drawn.*" The terms and provisions of this deed were sufficient to convey to the grantee whatever of interest then owned by the Improvement Company.

In the third paragraph of the bill it is averred "that on the 11th day of April, 1887, the Bessemer Land & Improvement Company filed for record in the office of the judge of probate, a map of its lands included in the present corporate limits of the city of Bessemer, showing its streets, alleys and avenues, which map is made Exhibit "B" to the bill." It is averred that prior to the *"granting"* of the right of way, "no lots, as shown on said map, were sold or conveyed to any person whatever." The bill then undertakes by averment, to assert complainant's understanding of what is shown by the map. The word "granting," which we have italicised, evidently refers to the deed of conveyance.

Considering exhibits "A" and "B" to the bill, in connection with its averments, we are led irresistibly to the conclusion that the complainant acquired no other rights or interest by its purchase of the right of way than that owned by the Improvement Company at the date of the deed of conveyance, to-wit, June 15, 1887.

It has been decided, that "the mere laying out of the lots, and making a map, showing streets, do not, of themselves, deprive the owner of the right to use the property as his own. There must be an acceptance of the dedication, of which the sale· and purchase of lots is sufficient proof. The sales and conveyances of lots describing the streets as boundaries, constitute covenants with the purchasers, that the streets are dedicated to their use and the use of the public."—*Evans v. Sav. & Wes. R'y Co.*, 90 Ala. 58. Doubtless it was under this view of the law that the pleader averred, "there had been no sale of lots to any one" prior to the "granting."

By a general law enacted February 28, 1887, see Acts 1886-7, page 93, it is provided as follows:

Section 1. *Be it enacted by the General Assembly of Alabama,* That any person who shall wish to divide his lands into town lots, shall cause the same to be surveyed by a competent surveyor, if not already surveyed, and shall cause a plot or map of said lands to be made, showing the streets, alleys and public grounds, and giving the bearings and

length of each boundary of every lot and block, and bearings, length, width and name of every street contained therein, and numbering each block and each lot in each block, progressively; such plot must show the relation of the land, so plotted, to the government survey.

Sec. 2. The plot or maps having been completed shall be certified by the surveyor, and acknowledged by the owner of the land, or his attorney duly authorized, in the same manner as deeds of land are required to be acknowledged. The certificate of the surveyor, and of acknowledgement, together with the plot, shall be recorded in the office of the judge of probate in the county in which the land is situated, in a book kept for that purpose, and such acknowledgment and record shall have like effect, and certified copies thereof, and of such plot, may be used in evidence to the same extent, and with like effect, as in case of deeds.

Sec. 3. The acknowledgment and recording of such plot shall be held in law and in equity to be a conveyance, in fee simple, of such portion of the premises plotted, as one marked or noted on such plot as donated or granted to the public, and the premises intended for any street, alleyway, common or other public use, as shown in said plot, shall be held in that trust, for the uses and purposes intended, or set forth, in said plot."

The act then provides in what manner such plot may be vacated, and also, makes provisions for towns or cities which had been laid off, prior to its adoption. Leaving out of view the answer of the respondent, we can. but conclude, under the averments of the bill, in connection with the map itself, that it was the purpose of the Improvement Company, on the 11th of April, 1887, more than two months before the execution of the conveyance of the right of way to complainant, to comply with this act of the legislature. The filing for record of the map, and its acknowledgment in the manner prescribed by the statute, effected a conveyance in fee simple of such portion of the premises donated or granted to the public, "and the premises intended for any street, alleyway, common or other public use, as shown in said plot, was held in that trust, for the uses and purposes intended or set forth in said plot." The bill shows that on "the 24th day of August, 1886, the city of Bessemer was incorporated under the general laws of Alabama, and by such incorporation, acquired," whatever rights and interest were granted, for streets, alleyways, &c., by the acknowledgment and recording of the map or plot of the city of Bessemer, on the 11th of April preceding. There is no question as to the va-

cation of any grant made in the map, as provided in the statute. The remaining and only question, depends upon the construction of the map itself. Does the map show a reservation in the Improvement Company, the grantor, of a fee, to the right of way along which the Mineral Railroad Company's line was located, and which fee passed by its deed of conveyance of June 15th, 1887, exhibit A? or, does it not affirmatively show, that by virtue of section 3 of the above act, the fee passed, and was held in trust for the uses and purposes therein indicated, subject only, to a right of way, for the Mineral Railroad, the course and location of which was indicated by the dotted lines, and its width by the straight lines, on either side of the dotted lines? We think it perfectly clear that the latter conclusion is the correct one, and was so intended by the parties, as shown by the qualification in the deed of conveyance, "over the following lands in the city of Bessemer, as now surveyed, laid off and drawn." The construction contended for by appellant would divide the city into three parts, north and south, separated by the Birmingham Mineral Railroad line of way and the line of the Great Southern Railroad; and into eastern and western parts separated by the Birmingham Mineral, Kansas City and other railroads running through the city, north and south. In determining the respective rights of the city, and the rights of way, granted to the railroads, or to public uses, acquired, after the filing of the map and its acknowledgment, as provided in the statute, *supra*, we hold, the interest which passed by virtue of the statute, is superior to any that could be conveyed subsequently, without regard to the terms and covenants of any such subsequent grant and conveyance.

We do not wish to be understood as intimating, that filing and recording the map, and the acknowledgment thereto. could, in any way, affect the vested rights of persons. We decide the case as presented in the pleadings, construing the bill most strongly against the pleader, and we have applied this same rule in our criticism of the answer. As advised by the pleadings, we do not see that the bill can be cured by amendment, but we make no decision upon this question. As it stands before us, it is without equity, and consequently the decree dissolving the injunction must be affirmed.

Affirmed.