### BOGERT *v.* JACKSON CIRCUIT JUDGE.[1]

1. MANDAMUS TO DISSOLVE INJUNCTION—WHEN LIES.
   An application for *mandamus* to compel the dissolution of an injunction will ;be entertained when questions of law only are involved.

2. INJUNCTIONS — PAVING ASSESSMENTS — INEQUALITY — CHARTER REMEDY.
   An injunction should not issue to restrain the paving of a street by a municipal corporation, where the only irregularity in the proceedings relates to inequalities in the assessment, which may be corrected without stopping the progress of the work, under a provision of the charter that, when any such assessment is invalid, the council may make a new assessment for the purpose for which the original assessment was made, whether or not the improvement has been com- pleted or any part of the assessment has been paid.

3. SAME—FACTS NOT APPEARING IN BILL—CONCESSIONS.
   A concession as to the existence of facts not appearing in a bill for an injunction must be regarded as part of the bill.

*Mandamus* by James K. Bogert to compel Guy M. Chester, acting circuit judge of Jackson county, to dis- solve an injunction restraining the paving of certain streets in the city of Jackson. Submitted November 1, 1898. Writ granted November 4, 1898.

[1] Rehearing denied January 20, 1899.

*Thomas E. Barkworth,* for relator.

*Parkinson & Campbell,* for respondent.

MOORE, J. This is an application for a writ of *mandamus* requiring the dissolution of an injunction restraining the paving of certain streets in the city of Jackson. Ordinarily, we would not entertain such an application, but it appears from the case as presented that the questions involved are questions of law, and for that reason we entertain the application.

About August 1, 1898, Miar McLaughlin and other taxpayers filed a bill in chancery to restrain the city of Jackson from paving portions of two streets in that city. The city of Jackson and Mr. Bogert, who had made a contract with the city to do the paving, were made parties. An injunction was issued by the circuit judge, and upon his refusal to dissolve the injunction this application was made.

No fraud or intentional wrong is charged against any one, but it is claimed the necessary steps were not taken by the common council to authorize it to make this improvement, and to make the assessments against the property of the complainants which it made. The proposed paving would cost over $23,000, about $8,000 of which was to be borne by the city, and the balance by the property owners in a special assessment district. The steps taken by the city were as follows:

March 17, 1898, resolution passed, submitting to the electors proposition for a loan to pay for the improvement.

April 18th, resolution adopted, determining the necessity of the improvement, and directing estimates, plats, and diagrams of the special assessment district to be made and reported.

May 2d, resolution adopted, directing notice of hearing of objections to assessment district.

May 16th, resolution adopted, directing manner of assessment.

June 6th, resolution adopted, directing publication of notice of review of assessment.

June 20th, the assessment rolls were confirmed by resolution.

July 1st, resolution adopted, directing the contract to be made with Mr. Bogert.

The electors authorized the loan; the proper notices were published; the contract was properly let. It is evident from the record that the council attempted to comply with the provisions of the charter. Complainants did not appear before the board of review. The bill of complainants was filed August 1st. When it was filed it was supposed by the complainants the records did not show that any of the above-mentioned resolutions were adopted by a yea and nay vote, as required by the charter. A further examination of the records of the common council disclosed they were adopted by a yea and nay vote, as required by the charter. The defects in the proceedings which the complainants supposed existed, because the resolutions were not adopted as required, need not be discussed, because they did not exist.

It is urged the common council did not properly submit the matter of the loan to the electors. We think they substantially followed the charter provisions, and that the only irregularities, if there are any, shown by the bill, relate to the inequalities of the assessment. Section 22 of chapter 20 of the charter (Act No. 414, Local Acts 1889) provides:

"Whenever any special assessments, heretofore or hereafter made, shall, in the opinion of the council, be invalid by reason of irregularity or informality in the proceedings, or if any court of competent jurisdiction shall adjudge such assessment to be illegal, the council shall, whether the improvement has been made or not, or whether any part of the assessment has been paid or not, have power to cause a new assessment to be made for the same purpose for which the former assessment was made. All the proceedings on such re-assessment, and for the collection thereof, shall be conducted in the same manner as herein provided for the original assessment; and whenever any sum, or any part thereof, levied upon any premises in the assessment so set aside, has been paid and not refunded, the payment so made shall be applied upon the re-assess-

ment on said premises, and the re-assessment shall to that extent be deemed satisfied."

If any injustice has been done the complainants in the matter of their assessment, it is not necessary to stop all of the improvement, and to delay the city in a proper attempt to improve the streets, or to enjoin the contractor, who in good faith has assembled the necessary material and machinery, from completing his contract. It is entirely competent, under the provisions of the charter, to correct any injustice, if any has been done, without delaying the work. *Townsend* v. *City of Manistee*, 88 Mich. 408.

If the concession made in relation to the adoption of the various resolutions by a yea and nay vote had appeared in the bill, it would not have stated such a case as, under the law, would authorize the issuing of a writ of injunction. This concession having been made, it must be regarded as part of the bill.

The writ will issue as prayed.

The other Justices concurred.