# Moseley *v.* Collins *et al.*

*Application for Mandamus.*

1. *Mandamus; there must be averred a demand for the performance of the act and the refusal thereof as a condition to the filing of the application.*—To entitle a petitioner to the extraordinary writ of *mandamus,* he must show that he has a clear right to the performance of the act or the duty demanded, and he must aver in his petition that he had made a demand upon the respondent, and that the respondent had neglected or refused to comply therewith; and in the absence

[Moseley v. Collins *et al.*]

of such an averment, a petition for *mandamus* is defective and should be dismissed.

APPEAL from the Order of the Judge of the Circuit Court of Madison County.

Heard before the Hon. O. KYLE.

This is a petition addressed to the judge of the circuit court of Madison county, and filed by the appellee, Anthony W. Moseley, seeking, by *mandamus,* to have the petitioner restored to his rights and franchises as a member of the "Christian Church of Huntsville, Alabama," a corporation created and organized under the general laws of this State.

Under the opinion on the present appeal it is unnecessary to set out the facts of the case in detail.

On the hearing of the cause the court rendered judgment denying the writ of *mandamus,* and ordered the petition dismissed. From this judgment the petitioner appeals, and assigns the rendition thereof as error.

ROBERT C. BRICKELL and OSCAR R. HUNDLEY, for appellants.

COOPER & FOSTER, *contra.*

TYSON, J.—The petition for *mandamus* in this case proceeds upon the theory that no corporate action had ever been taken by the corporation in excluding the petitioner from the exercise of his rights as a member and as an officer. Indeed, it averred that no vote of the members comprising the corporation was had directing the striking of his name from the roll of membership, but that it was the unauthorized act of the respondents Collins and McBride assuming to act in their official capacity as elders. The prayer of the petition is for a writ of *mandamus* directed to the corporation, to Ira F. Collins, Jesse B. Boyd and S. E. Collins, commanding that a certain paper writing purporting to have been adopted by the members of the corporation directing the church registrar to cancel the name of petitioner on the roll of membership, be stricken from the file of the record of memorials of said church, and that any minute entry or record of the procedings

on said paper writing may be expunged. And further commanding that his name be restored to the roll of membership of said church. On the hearing, the petition was dismissed and this appeal is prosecuted from that judgment.

Pretermitting a discussion or decision on the question as to whether the wrongs complained of are not solely for the cognizance of an ecclesiastical tribunal, purely ecclesiastical or spiritual, involving the right of the church to exclusively determine, we think it clear, treating the case as made by the petition as one involving property rights, that its dismissal was proper.

To entitle the petitioner to this extraordinary writ he must show that he has a clear right to the performance of the act or duty demanded and that on demand, the respondents have neglected or refused performance. "The invariable test by which the right of a party applying for a *mandamus* is determined, is to inquire, *first,* whether he has a clear legal right; and if he has, then, *secondly,* whether there is any other adequate remedy to which he can resort to enforce his right."—*Speed v. Cocke,* 57 Ala. 215; *Ex parte Edwards,* 123 Ala. 102; *Hill v. Tarver,* 130 Ala. 592.

In Merrill on Mandamus the rule is stated to be, "When the duty sought to be enforced is of a private nature, affecting only the right of the relator, a personal demand is necessary; and it is also necessary, if the duty sought to be enforced is of such a character that it could not be expected to be performed till demanded. Decisions, that there must be an express and distinct demand or request to perform, must be confined to such cases. Where, however, the duty is of a purely public nature, wherein no individual right or duty is concerned, and where there is no one person upon whom a right or duty devolves to make a demand of performnce, an express demand or refusal is not necessary."—§ 224. The same author says: "Since this writ never issues against a party unless he is in default, it must clearly appear by the allegations of the petition that a demand has been made on him to fulfill his duty and perform the act desired.    *    *    *

[Moseley v. Collins *et al.*]

When an averment of a demand is necessary, that lack of such averment is fatal, even though the trial court may find such a request and refusal.    *    *    *    When a demand is necessary, the fact that it was made must be alleged with precision."—§ 257.   Again he says: "It must appear by the allegations of the petition that the party complained of refused or failed to comply with the demand to fulfill his duty."

Moses on Mandamus, on page 18, states the rule to be: "In order to lay the foundation for issuing a writ of *mandamus,* there must have been a refusal to do that which it is the object of the *mandamus* to enforce, either in direct terms, or by circumstances distinctly showing an intention in the party not to do the act required."

In Tapping's Mandamus, p. 282, it is said: "It is an imperative rule of the law of *mandamus,* that, previously to the making of the application to the court for a writ to command the performance of any particular act, an express and distinct *demand* or request to perform it, must have been made by the prosecutor of the defendant, who must have refused to comply with such demand, either in direct terms or by conduct from which a refusal can be conclusively implied; it being due to the defendant to have the option of either doing or refusing to do, that which is required of him, before an application shall be made to the court for the purpose of compelling him."

This latter quotation was adopted and enforced by the Supreme Court of the United States, as announcing the correct rule, in *United States v. Boutwell,* 17 Wall. 604.   See also Heard's Shortt Ex. Rem., pp. 247-8; High's Ex. Legal Rem., §§ 12, 13; *State v. Lehre,* 7 Rich. Law (S. Car.), 250; *O. & V. R. R. Co. v. Plumas Co.,* 37 Cal. 362; *The People v. Mount Morris,* 137 Ill. 579; *The State v. Schauck,* 28 Minn. 359; *The State v. Davis, Ib.* 431; *The State v. Smith,* 31 Neb. 590; *Douglas v. Town of Chatham,* 41 Conn. 211; *Lee Co. v. The State,* 36 Ark. 276; *Grand Co. v. Savings Bank,* 8 Colo. App. 43; *State v. Mayor & Aldermen,* 22 Fla. 25, 26; *Leonard v. House,* 15 Ga. 473; *L. E. & W. R'y Co. v. The State,* 139 Ind. 158; *Compton v. Airial,* 9 La. Ann. 496; *Cheseboro v. Montgomery,* 70 Mich. 650.

An analogous principle has often been recognized by this court in suits brought by stockholders against corporations of which they are members to correct alleged corporate wrongs. In those cases, it has been uniformly held that generally before the stockholder can maintain an action against the corporation, he must first make demand upon the managing board of officers, to correct the wrongs complained of and meeting with failure or refusal, he must next seek redress through the stockholders, as a body.—*Decatur Co. v. Palm*, 113 Ala. 531; *Bridgeport Co. v. Tritsch*, 98 Ala. 274; *Steiner v. Parsons*, 103 Ala. 215; *Roman v. Woolfolk*, 98 Ala. 219.

We have but to apply these principles to the petition in this case. No demand and refusal upon the church is averred. *Non constat*, the wrongs complained of would have been righted by that corporation had it been requested to do so.—*Parker v. Hubbard*, 64 Ala. 203. While it is doubtless immaterial, we call attention to the fact that the evidence shows that no request or demand was ever made upon the corporation to right the wrongs alleged.

It is hardly necessary to add that the acts of the respondents, Collins, Boyd and Collins, if unauthorized and void as averred in the petition, did not and could not operate to deprive the petitioner of any of his rights as a member or officer in the corporation.

It is unnecessary to notice any of the exceptions reserved upon the trial, since they cannot change the result.

The judgment refusing the writ and dismissing the petition must be affirmed.