DETROIT UNITED RAILWAY *v.* WAYNE CIRCUIT JUDGE.

1. MANDAMUS—WHEN LIES.

Mandamus will not lie when there is a remedy by appeal or writ of error; a showing that appeal is not available must be made to make out a right to mandamus.

2. SAME—WILL NOT ISSUE TO COMPEL INJUNCTION WHEN APPEAL AVAILABLE.

Where a cause had been submitted to the court on bill, answer, and proofs taken, and its decision had been rendered thereon, which needed but the signing of a decree

dismissing the bill to effectuate a final disposition of the case, from which an appeal could have been taken in the regular way, but instead of signing a decree an order denying an injunction was made without notice to defendants' counsel, an order to show cause why said injunction should not issue, granted by this court, will be dismissed on motion of defendants' counsel, as having been improvidently granted.

3. SAME—RIGHTS OF CITY OF DETROIT—MISCONCEPTION OF LAW.
    The questions in the original proceeding involving the right of the city of Detroit to construct a street railway and to bond for the payment of same, being of grave interest to the people of said city, should be reviewed in this court in the orderly way of appeal rather than by mandamus, and since it appears that the action of the court below in entering said order was based on a misconception of the law mandamus will be denied.

Mandamus by the Detroit United Railway to compel Henry A. Mandell, circuit judge of Wayne county, to grant a writ of injunction. Submitted October 20, 1920. (Calendar No. 29,425.) Writ denied December 21, 1920.

*Stevenson, Carpenter & Butzel* (*Donnelly, Hally, Lyster & Munro* and *H. E. Spalding,* of counsel), for plaintiff.

*Clarence E. Wilcox,* Corporation Counsel, for defendant.

SHARPE, J.   Plaintiff asks for a writ of mandamus to compel defendant to grant a writ of injunction in a suit pending before him in which the plaintiff is plaintiff and the city of Detroit, several of its commissioners and officers, and a number of contractors are defendants. The suit involves the right of the city to contruct a street railroad and to sell its bonds to raise the money for payment of same. It also seeks to en-

join the board of sinking fund commissioners from using its funds in the purchase of such bonds. The bill of complaint was filed on August 11, 1920. While the motion for a temporary injunction is not in the record, it appears that one was made and the taking of testimony in support thereof was begun on August 20th. After considerable testimony had been taken, an adjournment was had until September 1st, when the answer of the city and its officers and commissioners was filed and the case proceeded to a hearing as for a final decree. It was argued on September 3d, at the conclusion of which the defendant delivered an oral opinion denying plaintiff relief. The opinion concluded:

"Let a decree be entered dismissing the bill. If the decree is entered at once, this case can be heard in the October term of the Supreme Court."

Defendants noticed the decree for settlement on September 20th. The signing was postponed at plaintiff's request for 30 days,—

"pending an effort to be made by plaintiff to ascertain whether upon an application to the Supreme Court for a writ of mandamus to compel respondent to grant an injunction as prayed for in plaintiff's bill of complaint, the questions involved in this cause might be reviewed at the October term of the Supreme Court."

Subsequently, and on October 6th, plaintiff's counsel submitted to defendant, without notice to defendants' counsel, an order denying the motion for an injunction, and the same was signed by him. This order was dated September 3d, the day the hearing was concluded. The following appears in the order:

"This order denying plaintiff's motion for an injunction is not based upon discretionary grounds, but solely upon legal grounds, viz., that the plaintiff did not by the allegations of its bill of complaint and evidence in support thereof, make a case for equitable relief."

On October 15th defendants' counsel moved to set aside or strike this order from the files for the reason that no notice had been given to him of the submission thereof to the court, and for the further reason that the motion for an injunction had been abandoned by plaintiff and the cause heard upon bill, answer and proofs taken for the purpose of a final decree. This motion was denied on October 16th.

In the meantime, and on October 12th, plaintiff filed its petition in this court. An order to show cause was granted, returnable on October 20th. The return of the defendant is now before us.

We are met at the outset by a motion of defendants' counsel to dismiss the petition. He insists that the order denying the injunction should not have been made without notice to him or at all after the cause had been submitted to the court on bill, answer and proofs taken and its decision rendered thereon, but that a decree should have been made and an appeal taken therefrom in the regular way. It seems to be conceded that, had a decree been signed by September 14th and notice of appeal then filed and served, it could have been got on for hearing at the October term of this court. As the decree would have been simply a dismissal of the bill, we are impressed that this course could easily have been pursued.

We feel constrained to dismiss the order to show cause as having been improvidently granted. The order denying the injunction should not have been made after the cause was tried and submitted and a decision rendered by the court which needed but the signing of a decree dismissing the bill to effectuate a final disposition of the case. Should we now proceed to consider and dispose of the questions raised on this petition, all causes in equity in which the gist of the relief sought is an injunction might be brought before us in

a mandamus proceeding to compel the issuance of the writ.

The purpose of a writ of mandamus and the uses to which it may be put to review proceedings in the circuit court have been many times expressed by this court. In *Michigan Mutual Fire Ins. Co.* v. *Wayne Circuit Judge,* 112 Mich. 270, the rule applicable to the issuance of such a writ is thus stated:

"It is a general rule that the writ will not lie where the law has provided another remedy. It is said a writ of mandamus issues because there is no other adequate remedy, and justice and good government require a redress of the wrong. A court will not be required by this writ to take any action when another remedy is provided. It will not take the place of an appeal or writ of error. Merrill, Mand. §§ 201, 209. To this rule an exception is made if the slowness of ordinary legal forms is likely to produce such immediate injury or mischief as ought to be prevented." (Citing authorities.)

In 13 Enc. Pl. & Prac. p. 530, it is said:

"Mandamus will not lie when there is a remedy by appeal or writ of error; that is, it will not take the place of an appeal or writ of error, and is not the proper remedy to be resorted to to compel an inferior court or judicial tribunal to reverse a decision already made; and the writ does not lie to revise judicial action. The relator must show that he cannot appeal, to make out a right to a mandamus."

In *Chesebro* v. *Kent Circuit Judge,* 70 Mich. 650, the court said:

"This court will not enter upon an investigation of the merits of the issue involved in the chancery case upon this motion (for writ of mandamus). Before those can be considered in this court, they must be brought before us in the regular way, after final decree made."

There are many cases in which a writ of mandamus has been issued to compel the dissolution of an injunc-

tion granted without jurisdiction where it appeared that the question was one of law merely. *Ionia, etc., Ins. Co.* v. *Ionia Circuit Judge,* 100 Mich. 606 (32 L. R. A. 481) ; *Board of Sup'rs of Wayne Co.* v. *Wayne Circuit Judges,* 106 Mich. 166; *Thomas* v. *Kent Circuit Judge,* 116 Mich. 106; *Bogert* v. *Jackson Circuit Judge,* 118 Mich. 457; *Central Bitulithic Paving Co.* v. *Manistee Circuit Judge,* 132 Mich. 126; *Titus* v. *Chippewa Circuit Judge,* 168 Mich. 507.

The only cases we have been able to find in which the writ was issued to compel the granting of an injunction are *Dodge* v. *Van Buren Circuit Judge,* 118 Mich. 189, and *Ideal Manfg. Co.* v. *Wayne Circuit Judge,* 139 Mich. 92. In the former, it appeared from the petition and return that the defendant "substituted his judgment of what the law ought to be for the law itself, as determined by the repeated rulings of this court," and in the latter it appeared that plaintiff's property was in serious danger of destruction and its employees threatened with personal violence, and that defendant's refusal was not based on any legal grounds.

In *Baltic Mining Co.* v. *Houghton Circuit Judge,* 177 Mich. 632, this court issued a writ of mandamus to compel the circuit judge to vacate an order made by him dissolving a temporary injunction, theretofore issued, by which certain acts of violence and intimidation incident to a labor strike had been restrained. This action may, in effect, be said to have been the same as directing the issuance of such writ. In the opinion filed, many decisions of this court are cited in support of the power and duty of courts of equity to restrain—

"conspiring labor organizations and their members, as well as others in the conspiracy, from molesting by violence, threats and intimidation, or any other unlawful interference with, those engaged in any lawful employment and those employing them."

The action of this court was based, as in *Ideal Manfg. Co.* v. *Wayne Circuit Judge, supra,* on the failure of the circuit judge—

"to exercise the discretion which the law required of him under the circumstances"—

and an apparent misconception by him of the law which should govern his action in determining the right of the plaintiff to such writ.

The questions involved are of grave interest to the city of Detroit and its people and should only be reviewed in this court in the orderly way of appeal as provided for by our statutes and rules of court.

The petition is dismissed, with costs against the plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.