LEAHY v. WAYNE PROBATE JUDGE.

1. MANDAMUS—WHEN LIES—EXCEPTIONS TO GENERAL RULE.
   Relief will not be afforded by mandamus where there is another adequate remedy, unless the slowness of ordinary legal forms is likely to produce such immediate injury or mischief as ought to be prevented.

2. SAME.
   Mandamus will lie to review an order of the probate court appointing a temporary administrator of plaintiff's estate, the effect of which is to tie up in the banks moneys of the plaintiff which she will doubtless need to use during her absence in a foreign country.

3. EXECUTORS AND ADMINISTRATORS — TEMPORARY ADMINISTRATOR FOR ESTATE OF PERSON ABSENT—WHEN JUSTIFIABLE.
   In order to justify the appointment of a temporary ad-

On constitutionality of statutes providing for administration of estates of absentees, see note in 4 L. R. A. (N. S.) 944.

ministrator for a person's estate under the provisions of 3 Comp. Laws 1915, § 13840, it is necessary to show that said person was absent from her usual place of residence and her whereabouts unknown for the space of three months, and that she left property which is going to waste or is in danger of being destroyed or lost for the want of a proper custodian.

4. SAME—SHOWING—SUFFICIENCY—MANDAMUS.

ı Where plaintiff, before leaving for a foreign country, gave a general power of attorney to a reputable member of the bar to manage her property, and there is nothing in the record to indicate that he is neglecting his duties or improperly exercising the powers thereby conferred, and there is no proof that plaintiff's property is going to waste or is in danger of being destroyed or lost for want of a proper custodian, an order of the probate court appointing a temporary administrator of plaintiff's estate under 3 Comp. Laws 1915, § 13840, was unwarranted, and mandamus will issue to set it aside.

Mandamus by Susan Leahy to compel Edward Command, probate judge of Wayne county, to vacate an order appointing a temporary administrator under 3 Comp. Laws 1915, § 13840. Submitted April 8, 1924. (Calendar No. 31,384.) Writ granted April 16, 1924.

*William Van Dyke,* for plaintiff.

*Edward N. Barnard,* for defendant.

SHARPE, J. Peter J. Hergiton, a nephew of Susan Leahy and one of her prospective heirs at law, on January 18, 1924, presented a petition to the probate court of Wayne county, alleging, in substance, that Mrs. Leahy was formerly a resident and citizen of the city of Detroit; that she "has been absent and missing from her usual place of residence" in that city, and "her whereabouts have been unknown for the space of three months or more;" that she left certain property which is in danger of being lost or destroyed for want of a proper custodian. At greater length it was set

forth that Mrs. Leahy was approximately 74 years of age; that for upwards of two years she had been "mentally weak and incompetent;" was suffering from an incurable disease from which she was "in danger of imminent death;" that on or about March 25, 1922, Philip A. McHugh,

"for the purpose of procuring for himself her property, induced her through cunning and the exercise of undue influence, to execute and deliver to him a general power of attorney,"

authorizing him to manage and dispose of her property; that McHugh informed petitioner that Mrs. Leahy sailed for Ireland in the month of April, 1922; that petitioner "doubts very much and does not believe" that the person who so sailed was Mrs. Leahy; that McHugh, acting under said power of attorney, threatens to withdraw money in banks in Detroit standing to the credit of Mrs. Leahy. It is also averred that, unless relief be promptly granted, "said estate will suffer irreparable loss." The real estate owned by her is alleged to be worth $50,000 and the personal estate $3,000. The petition concluded with a prayer for appointment of a temporary administrator, pursuant to the provisions of section 13840, 3 Comp. Laws 1915. This section reads as follows:

"If any person shall be missing or absent from his usual place of residence in this State, and his whereabouts unknown, for the space of three months or more and shall leave property which is going to waste or is in danger of being destroyed or lost for the want of a proper custodian, the judge of probate of the county in which he was last known to reside, shall have power, upon the application or petition of the wife or next of kin, or of one or more of his principal creditors, which petition shall state the facts of the case as known, and be verified by the oath of the applicant, to appoint a temporary administrator to

collect and take charge of the estate of the person so missing or absent, until the fact of his death or survival can be satisfactorily established, and in case of his death, until the question of the allowance of his will, if any, shall be determined, and an executor or administrator, or special administrator, shall be appointed and qualify."

An order was made fixing February 20th for the hearing of the petition. On that day the petitioner appeared by his attorneys, Mr. Barnard and Mr. Grece, and Mr. Van Dyke appeared on behalf of Mrs. Leahy. The petitioner as a witness testified relative to the property Mrs. Leahy possessed and that in his opinion it was "necessary to appoint somebody to take charge of and preserve that estate;" that he did not know where Mrs. Leahy then was; that she had been absent from the State of Michigan exceeding three months, and that after diligent search he had been unable to ascertain her whereabouts. He admitted that he had made inquiries from people in Ireland, but declined to produce the answers received by him.

Section 13840 and the section following were enacted in 1879 (Act No. 196). The title thereto reads:

"An act to provide for the care and preservation of the estates of persons missing, or absent and supposed dead."

The constitutionality of this act is attacked. In view of the apparent necessity for an early decision of this case and the conclusion we have reached as to the proofs submitted, we do not pass upon this question.

It is insisted that mandamus will not lie to review the order made; that plaintiff's remedy is by appeal. The general rule undoubtedly is that relief will not be afforded by mandamus where there is another adequate remedy. In *Michigan Mutual Fire Ins. Co.* v. *Wayne Circuit Judge,* 112 Mich. 270, 271, Mr. Justice MOORE, speaking for the court, said:

"To this rule an exception is made if the slowness of ordinary legal forms is likely to produce such immediate injury or mischief as ought to be prevented."

See, also, *Detroit United Railway* v. *Wayne Circuit Judge*, 212 Mich. 230, 234; *Stover* v. *Wayne Probate Judge*, 219 Mich. 566.

The effect of the order made was to tie up the moneys of the plaintiff in the banks in Detroit; moneys which she will doubtless need to use in the foreign country in which she now is. The facts set up in the application clearly brings this case within the exception stated.

To justify the appointment made, petitioner must have established by competent proof:

"*First.* That Mrs. Leahy was missing or absent from her usual place of residence and her whereabouts unknown for the space of three months or more and,

"*Second.* That she left property "which is going to waste or is in danger of being destroyed or lost for the want of a proper custodian."

A careful reading of the record does not disclose any sufficient proof of the latter requirement. It appears that Mrs. Leahy suffered a fall in December, 1921, resulting in a somewhat serious injury to one of her ankles and one of her arms. Soon after, she gave Mark Hergiton, a brother of the petitioner, a power of attorney to look after her business affairs. She was in the Hartz hospital for some time, and afterwards in the Ford hospital. After leaving the latter, she visited the homes of friends of long standing, two of whom testified that, while she was somewhat crippled, "her mind was bright," and another of whom testified that "she was well able to look after" her property. She went about without help, at one time walking 12 or more blocks in the city without assistance. On March 25, 1922, she gave the power of attorney to Mr. McHugh, as stated in the petition. There is not a scintilla of proof tending to show that

this was procured by McHugh "through cunning and the exercise of undue influence," as alleged in the petition.    Mr. McHugh is a member of the Detroit bar.    There is nothing in the record to indicate that he is in any way neglecting the duties imposed or improperly exercising the powers conferred upon him by Mrs. Leahy in the power of attorney.    It appears that there is now pending a suit brought by him in her name relating to certain leases made by Mark Hergiton to the petitioner herein.

The purpose of this statute is to conserve the property of the person absent or missing.    Without considering whether there is proof that Mrs. Leahy is "absent or missing" within the meaning of these terms as used in the act, it is clear that there is no proof that her property is going to waste or is in danger of being destroyed or lost for want of a proper custodian.    For this reason the order made was unwarranted, and must be set aside.    A writ commanding the defendant to do so will issue, if necessary.

The plaintiff herein will recover costs against the petitioner.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.