# *Ex parte* Edwards.

*Petition for Mandamus.*

1. *Mandamus; setting aside order of chancellor.*—On an application for *mandamus* to require the chancellor to set aside an order made in a cause pending in the chancery court to which the petitioner was a party, where it no where appears that any objection was made to the order in the chancery court, or that any application was made to the chancellor to set it aside, or that he refused to do so, no necessity is shown for compulsory process against the chancellor, and *mandamus* will be denied.

This was an original petition for *mandamus* filed in this court. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

CHAS. L. BROMBERG, JR., and SULLIVAN & STALLWORTH, for petitioner, cited, *Ex parte Tower Manfg. Co.*, 103 Ala. 415; *Teague v. Corbitt*, 57 Ala. 537; *Moore v. Winston*, 66 Ala. 296.

R. W. STOUTZ, for respondent, cited *Pearson v. Darrington*, 21 Ala. 169; *Ib.*, 32 Ala. 266; *Baker v. Mitchell*, 109 Ala. 494; *Tygh v. Dolan*, 95 Ala. 270; 3 Brick. Dig., 334, § 62.

[*Ex parte* Roberson.]

SHARPE, J.—This petition is for a writ of *mandamus* to the respondent, the chancellor, to require him to set aside an order made in a cause pending in the chancery court, to which this petitioner was a party.

It nowhere appears that any objection was made to the order in the chancery court, or that any application was made to the chancellor to set it aside, or that he has refused to do so.

If it be as contended that the order was improper and should be vacated, still no necessity is shown for compulsory process against the chancellor, since it cannot be assumed that he would not have granted voluntarily a meritorious application to set it aside. For that reason and without otherwise considering the merits of the application here made it will be denied.—*Le Roux v. Judge etc.*, 45 Mich. 416.

*Mandamus* denied.