# Supreme Lodge of Knights of Pythias v. Thomas.

*Action upon a Life Insurance Policy.*

1. *Appeal; will not be entertained while petition for rehearing is pending in the circuit court in the same cause* —An appeal to the Supreme Court from an original judgment rendered by the circuit court in a cause will not be entertained while there is pending in the circuit court a proceeding for rehearing in said cause.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. N. D. DENSON.

This action was brought by Mrs. M. R. Thomas against the Supreme Lodge of the Knights of Pythias, a corporation, to recover the sum of $2,000 alleged to be due on a policy of life insurance, taken out upon the life of McKinnie Thomas, deceased. There was a judgment by default against the defendant. Subsequent to the rendition of this judgment, the defendant made a motion for a rehearing of the cause, as provided by sections 3342-3344 of the Code. Pleading these proceedings for a rehearing, the defendant took an appeal to the Supreme Court from a judgment by default rendered against it. In this court there was a motion made to dismiss the appeal, upon the ground, among others, that there were pending at the time proceedings for a rehearing in the circuit court.

GRAHAM & STEINER, for appellant, cited *Montevallo v. Reynolds,* 44 Ala. 252; *Chamberlain v. Gaillard,* 26 Ala. 504; *Deslonde v. Dorrington,* 29 Ala. 92; *Harris v. Billingsley,* 18 Ala. 438.

J. M. CHILTON and FELIX L. SMITH, *contra,* cited *Ind. Pub. Co. v. Amer. Press Asso.,* 102 Ala. 475; *Shingler v. Martin,* 54 Ala. 354; *Worth v. Dillard,* 60 Ala. 369.

McCLELLAN, C. J.—At the time this appeal was taken, the petition of the Supreme Lodge, Knights of Pythias, etc., for rehearing under sections 3342 *et seq.* of the Code, was pending in the Coosa circuit court. The judge had considered the petition on the question of granting a *supersedeas,* had entered an order denying the writ, and had directed that the clerk of the court file the papers therein; and this had been done. These were then the papers pertaining to a proceeding in this cause, and as such they should have been copied into the transcript for the court. This was not done, but the omission has been supplied by agreement of parties; and the cause is now to be considered as if the papers in this proceeding for a rehearing had been transcribed into the record before us in the first instance.

It therefore appears by the record on this appeal that when the appeal was taken the judgment appealed from was subject to vacation and annulment at the succeeding term of the circuit court, and to such end that court had power and control over it, the jurisdiction and right to set the judgment aside and have the cause retried. The judgment was in a sense not final, or conclusive of the rights of the parties in that court, but open, and liable to be expunged. While the cause was in such attitude an appeal removing the judgment into this court would cut off the statutory power of the circuit court to vacate it, or else, leaving that power intact, would lead to results so anomalous as to be inadmissible, for if the proceeding for rehearing is allowed to go on to final determination and the appeal should at the same time be entertained, this court might affirm a judgment which had been annulled by the circuit court and has no existence in fact, or the circuit court might vacate a judgment which had been affirmed by this court, or, yet another possibility, there might be two appeals involving the integrity of one and the same judgment, the appeal now before us and an appeal from the action of the circuit court refusing the rehearing, and on this appeal there might be an affirmance and on the appeal from the refusal of the rehearing there might be a reversal of the order and a judgment here granting a rehearing, resulting in another trial of a cause in which a final judgment had been rendered by the circuit court and affirmed by this court. These possibilities demonstrate the utter impracticability of entertaining an appeal from the original judgment while the proceeding for rehearing is pending in the circuit court. The two remedies cannot be invoked at one and the same time without the destruction of rights arising under one or the other modes of redress; and as the petition for rehearing was pending when the appeal was taken to this court, the appeal must be dismissed.

In response to the application for rehearing in this case, the court cites the case of *Ex parte Farquhar,* 99 Ala. 375.