# Hill *et al. v.* Tarver, Recorder, &c.

## *Petition for Prohibition.*

1. *Constitutional question; ruling of court as to decision thereof.*
   It is the settled doctrine of this court that it will not decide
   a question involving the constitutionality of an act of the
   Legislature, when the record presents any other clear ground
   upon which its judgment may be based.

2. *Constitutional law; jurisdiction of court; writ of prohibition.*
   When a constitutional inquiry relates to the legality of a
   court which assumes to act and involves its power to act in
   any case, it is unnecessary to make the preliminary ob-
   jection to its exercise of jurisdiction; but when the court has
   power to act in any case, its exercise of jurisdiction over the
   particular acts must be brought to the attention of such
   court by objection of some kind before resort can be had to
   a remedy by an extraordinary writ.

3. *Same; same; same.*—When there is an objection to a court
   proceeding in the hearing of a case, upon the ground that
   such court is without jurisdiction of the subject matter, a
   writ of prohibition will not be issued until the party who
   complains of the abuse of power, or asserts that the court
   is without jurisdiction, shall have sought redress in such
   court by proper objection and failed to obtain it.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

The proceedings in this case were had upon a peti-
tion filed by the appellants, L. L. Hill, R. S. Hill, W.
C. Hill, and W. W. Hill, addressed to the judge of the
second judicial circuit, in which they asked for a writ
of prohibition, directed to the recorder of the city of
Montgomery, prohibiting and restraining him from
further proceeding in a case against the petitioners
then pending before him. The facts of this case are
sufficiently shown in the opinion. The appeal is taken
from the judgment of the city court overruling the
petition and dismissing it; and the rendition of this
judgment is assigned as error.

[Hill *et al.* v. Tarver, Recorder, etc.]

A. A. WILEY and GORDON MACDONALD, for petitioners.—The objection to the recorder acting in the case against the petitioner goes to the extent that so far as these proceedings are concerned, the recorder's court was no court at all; that the recorder had no case before him, and he was a mere usurper in assuming jurisdiction in this case. In such case the writ of prohibition is the proper remedy to obtain the necessary relief. When there is an entire absence of jurisdiction over the subject matter of the action, and this is apparent from the face of the proceedings (the case here exactly), the granting of relief by prohibition is not a matter of discretion, but one of absolute right. The writ will, therefore, issue in such cases notwithstanding defendants, by their action, may have acquiesced in the exercise of jurisdiction by the inferior court, since jurisdiction over the subject matter can never be derived from the consent of the parties.—*Ex parte Roundtree*, 51 Ala. 42; High on Extraordinary Remedies, (3d ed.), §§ 773, 774, and note 4; 2 Spelling Extraordinary Relief, § 1725, note 3. "So the writ may restrain a justice of the peace from determining a criminal case over which he has no jurisdiction." High on Extra. Rem., § 777, note 4; *People v. Spiers*, 4 Utah Rep. 385.

WATTS, TROY & CAFFEY, *contra.*—In order that prohibition may be resorted to, it must appear that he has no jurisdiction, or that he has exceeded or is about to exceed his jurisdiction.—*Ex parte Smith*, 23 Ala. 117; *Ex parte Booth*, 64 Ala. 317; 16 Encyc. Plead. & Prac. 1094, notes 1, 3; 1110, note 2; Code, § 921.

If the provisions were unconstitutional, the recorder is a *de jure* officer exercising *de facto* powers of a committing magistrate. See *Williamson v. Wolffe*, 37 Ala. 304; 8 Amer. & Eng. Encyc. Law, (2d ed.), 793. Appellants appeared before him on the charge of a felony, continued their case from January 12th to 21st, and then, when arraigned again on the 21st, without objecting to his jurisdiction, moved to be permitted to waive a preliminary trial. They never raised before

38

the recorder an objection to his jurisdiction, or to his exceeding or undertaking to exceed his jurisdiction; on the contrary, they submitted themselves to his jurisdiction. If, therefore, they ever had the right to object to his jurisdiction, they waived it; they could not for the first time raise the question by an application to a superior court for a writ of prohibition.—*Ex parte Green,* 29 Ala. 58-9; *Ex parte Hamilton,* 51 Ala. 64-5. *Non constat,* if appellants had raised before the recorder the points contended for in the circuit court, he would have agreed with them; and they would have been put to no inconvenience even by him.    See *Ex parte Rountree,* 51 Ala. 51.

TYSON, J.—Appellants were arrested on an affidavit sworn out before a police officer of the city of Montgomery, returnable before the recorder of the same city, on a charge of assault with intent to murder. Upon their arrest, they gave bond for their appearance before the recorder, and afterwards appeared before him and offered to waive examination and give bond to answer any indictment that might be preferred by a grand jury.  But the State objected to the waiver and and demanded that the evidence be taken down as required in preliminary proceedings before committing magistrates.  For the purpose of considering the motion of the State involving its demand that the evidence be heard and reduced to writing, a further hearing of the case was postponed, and pending the consideration of that question by the recorder, and before the convening of his court on the day to which the case was postponed, the defendants, appellants here, without further appearing, applied to the judge of the circuit court for a writ of prohibition.  A rule *nisi* was awarded upon the presentation of their petition and on the hearing upon the petition and answer of the recorder, the judge discharged the rule and dismissed the petition.    The question attempted to be raised by the petition is the constitutionality of the charter of the city of Montgomery in so far as it confers the jurisdiction of a justice of the peace upon the recorder in preliminary hearings

of offenses against the criminal laws of the State, and in so far as it authorizes the city council to confer power on the police officers of the city to take affidavits and issue warrants of arrest.

It is contended, first, that in this aspect the charter is invalid for the reason that said matters are not embraced in its title, and for the further reason that it authorizes the city council to confer powers of a judicial nature upon the executive officers of the city.

Whenever the question is distinctly presented necessary to the decision of the particular case, this court will not hesitate to determine the constitutionality of legislative enactments. But it is the settled doctrine of this court that "upon such questions courts do not enter when the case before them can be determined on other grounds."—*Joiner v. Winston*, 68 Ala. 129; *Smith v. Speed*, 50 Ala. 276. We are of opinion that the propriety of the action of the court below in refusing to issue the writ of prohibition is determinable aside from the constitutional question. When the constitutional inquiry relates to the legality of the court which assumes to act—involving its power to act in any case—it is unnecessary to object preliminarily to its exercise of jurisdiction. In the very nature of things, it could not determine the question of its own power to act or exist as a court.—High Extr. Rem. § 773. But when the court has power to act in any case, its exercise of jurisdiction over the particular case must be brought to its attention by an objection of some kind before resort can be had to the extraordinary remedy of prohibition. The general doctrine is thus stated: "Applications for the writ of prohibition are premature until exception has been taken to the jurisdiction of the lower court and overruled and will be refused, if this has not been done, for it is invariably presumed that courts will give to parties the relief to which they show themselves entitled."—16 Encyc. Pl. & Pr. 1128. Such however is not the uniform rule,—some courts holding that no objection need be made where the court is without jurisdiction of the subject matter. It is quite true that the absence of objection could not invest the recorder with jurisdiction of the subject matter, if he had none; and

confessedly he had none if the charter, in the respects criticised, was unconstitutional. It is also true that jurisdiction of the subject matter cannot be conferred by consent or deduced from waiver. But while all this is true, it must be presumed, as stated, that every court will perform its duties; that if the act (charter) is unconstitutional the recorder would have so held, if an opportunity had been afforded him, and have quashed the proceedings. In *Ex parte Greene and Graham,* 29 Ala. 58, this court said: "Some of the adjudged cases go so far as to assert, that the writ will not be issued in any case, until the party who complains of the abuse of power shall have sought redress in the inferior court, and failed to obtain it. * * * On this question, we prefer, for the present, to remain uncommitted, further than may be inferred from the case of Smith, *supra.*" But in *Ex parte Hamilton,* 51 Ala. 62, in which it was sought to prohibit the chancellor on the ground that he was without jurisdiction of the subject matter, the writ was refused for the reason that redress had not been sought, in the first instance, before the chancellor. *Ex parte Green and Graham, supra* was cited without the qualifying reference to *Smith's case,* which is shown by the context to have referred to *Ex parte Morgan Smith,* 23 Ala. 94. See also *Ex parte Edwards,* 123 Ala. 102. As the result of these and other authorities, it follows that the recorder should have been made aware in some form before being cited to appear to defend against the application for the writ of prohibition—involving as it does a charge of usurpation of power and authority—that objection was made to his exercise of jurisdiction. This doctrine in nowise conflicts with the proposition often held. by this court on appeal that it will *ex mero motu* notice a defect of jurisdiction of the lower court over the subject matter. The question here is, whether a resort to the remedy by prohibition may be had when no objection of the kind has been made in the court whose jurisdiction is assailed; or, rather, the plainer question, whether we will reverse the circuit court, which, in the exercise of a sound legal discretion, has refused the writ.

Affirmed.