# Lawrence *v.* Alabama State Land Co.

### *Action of Ejectment.*

[DECIDED JUNE 30, 1905.]

1   *Adverse Possession; Element of.*—To effect a bar of the legal title, possession must be, first, hostile and under claim of right; second, it must be actual; third, it must be open and

[Lawrence v. Alabama State Land Co.]

notorious; fourth, it must be exclusive; and fifth, it must be continuous. If lacking in either one of such essentials, the possession is insufficient for that purpose.

2. *Same; Color of Title.*—The general rule is that possession of a part of the land will be extended by color of title to the whole tract described in the color of title, in the absence of actual possession of any part thereof, by the true owner. But the rule has exceptions; and where a person takes and maintains a few acres of land in an uncultivated township, for the mere purpose of thereby gaining title to the entire township by the extension of his actual possession under color of title, the rule does not apply. In order that part of the land which is not actually possessed may be deemed constructively so, it must be for use with, or subservient to the part actually possessed. Constructive possession will extend only to such land as is used in connection with the land actually possessed, and only to so much as is reasonable and proper for the purpose, according to the custom of the country.

3. *Same; Evidence; Notice.*—The doctrine of adverse possession rests upon the presumed acquiescence of the party against whom it is held, and such acquiescence again presumes knowledge. The acts of domninion, by which such knowledge is sought to be proved, must be of a character as may be reasonably expected to inform the true owner of the fact of possession and adverse claim. It is sufficient if the owner has either knowledge or notice of such facts of such possession and claim; which means not merely express notice, but knowledge, or the means of knowledge, to which the party wilfully shuts his eyes.

4. *Same; Evidence; Charge of Court.*—A charge that a party should by evidence satisfy the jury of a fact, requires too high a degree of proof; it is only necessary to *reasonably* satisfy them. And a charge on adverse possession, requiring that the possessory acts should be such as "compelled" the other party to know of the adverse claim, is too stringent.

5. *Same; Same; Declaration of Party in Possession.*—While declarations of a party in possession are admissible in evidence on the question of adverse possession, the rule does not include acts of parties who were never in possession.

6. *Evidence; Motive.*—A witness cannot testify as to his uncommunicated motive for doing, or not doing, an act.

7. *Ejectment; Disclaimer; Costs.*—Where, in an action of ejectment, the defendant disclaims possession as to a small part of the lands sued for, and pleads not guilty as to the balance, a judgment for the plaintiff, on the plea, carries the costs of the suit.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

This was a common law action of ejectment, brought by the appellee, the Alabama State Land Company, against the appellant, Joel J. Lawrence, and sought to recover about four hundred acres of land. The defendant disclaimed possession as to forty acres thereof, and plead not guilty as to the balance.

Upon the trial, the plaintiff proved the legal title to be in it. The defendant claimed title by a deed from one John W. Norwood, executed to him on the 8th day of February, 1883, and through possession by said Norwood prior to that time, and by himself since. One E. J. Crider, a witness for the defendant, testified that he had been a justice of the peace in Tuscaloosa county continuously since 1859; that he knew the lands in controversy. That he knew the said John W. Norwood, and prepared and took the acknowledgement to the deed executed by him to the defendant. That said Norwood, when he executed the deed, claimed that he owned the lands described therein, and that witness had heard the lands spoken of as the "Norwood lands." The above deeds were put in evidence, and it was also shown that for more than ten years prior to bringing the suit, the defendant had been in actual possession of from three to six acres of the land in suit. The land so occupied was enclosed by a fence, which also enclosed a larger tract owned by the defendant, not involved in this suit. Other acts, so far as necessary, are shown by the opinion.

On the written request of the plaintiff, the court gave to the jury, the following written charges; 1. "The court charges the jury that the burden of proving adverse possession is upon the defendant; and if the evidence fails to reasonably satisfy the jury that a sufficient portion of the lands in suit was within defendant's enclosure, that would attract the attention of a reasonably prudent owner, that the inclosure included a portion of the land in suit, then such enclosure would not be sufficiently notorious to extend the possession to the lands outside the enclosure." 2. "Unless the jury believe from the evidence in this case, that the Alabama State Land Company knew that Lawrence was setting up an

adverse claim to the lands involved in this suit, you must
find for the plaintiff, unless the defendant has satisfied
you by a preponderance of the evidence, that the enclo-
sure of the few acres within the field, otherwise on his
own land, and such a getting of timber as Lawrence got,
gave such notice of the adverse claim to the Alabama
State Land Company as would have compelled it to know
of it, unless the Company or its agents wilfully closed
their eyes to the fact." 3. "The court charges the jury
that in order to sustain the defense of adverse possession,
the possession must have been actual, open, notorious
and continuous for a period of ten years before suit
brought, and if the possession was of such a small portion
of the land sued for that a reasonable prudent owner
would not have notice from it that his lands were includ-
ed in such enclosure, then the possession would be insuf-
ficient to sustain the defense of adverse possession of
any of the lands sued for outside of the enclosure."
The defendant requested in writing the general charge
in his favor, which was denied.

There was verdict and judgment for the plaintiff, in-
cluding all costs. Therefrom, the defendant takes this
appeal.

ROBISON, BROWN, DANIEL, COLLIER and J. J. MAY-
FIELD, for appellant.—On question of taxing all costs
against the defendant; see Code, Sec. 1533; 3 May. Dig.
135. On adverse possession, cited *Chastang v. Chastang,*
37 So. Rep. 799; 2 May. Dig. 75.

HENRY FITTS, for appellee.—On costs, see *Buxbaum v.
McCorby,* 99 Ala. 537. On adverse possession, *Black v.
Tenn.,* 93 Ala. 109-11; *Lacy v. Tenn.,* 92 Ala. 246, 250;
*Norment v. Eureka,* 98 Ala. 187; *Robinson v. Allison,* 97
Ala. 596. 600; 1 "Cyc.", 999; *Woods v. Montevallo C. &
T. Co.,* 84 Ala. 567; *Lucas v. Daniel,* 34 Ala. 188, 193;
65 Am. Dec. 647; 60 Am. Dec. 712.

ANDERSON, J.—The plaintiff established a complete
chain of title to the land and the defendant set up ad-
verse possession to all the land involved, except the por-
tion as to which he disclaimed, and the burden of proof

was upon him to establish his title by adverse possession, and the essential elements of which are: "1. The possession must be hostile and under claim of right. 2. If must be actual. 3. It must be open and notorious. 4. It must be exclusive. 5. It must be continuous. If any of these constitutents be wanting, the possession will not affect a bar to the legal title."—*Chastang v. Chastang*, 37 So. Rep. 799; 1 Am. & Eng. Ency. Law (2nd ed), 795; *Murray v. Hall*, 97 Ala. 588; *Ross v. Goodwin*, 88 Ala. 390; *Eureka Co. v. Norment*, 104 Ala. 625; *Goodson v. Brothers*, 111 Ala. 589; *Norment v. Eureka Co.*, 98 Ala. 181; 39 Am. Rep. 45.

There was evidence on the part of the plaintiff that the defendant stated, but a short while before the suit was brought, that he claimed only forty acres in section nine, and which was not embraced in this suit. This alone was sufficient to make it a question for the jury as to whether or not the defendant's possession was hostile, in view of the fact that he denied having made the statement, even if all of the other elements of adverse possession were established, but which we do not mean to concede. The general affirmative charge was properly refused.

Of course there are instances where the actual possession of a part of the land will be extended by color of title, to the whole tract described in the color of title, in the absence of any actual possession of any part of the tract by the true owner, and, in fact, such seems to be the general rule. There are exceptions, however, and instances where the actual possession of a part does not necessarily extend the adverse possession to the whole tract as against the true owner who is not in the actual possession of any of it. It depending to a great extent upon the quality and character of the land, the nature and character of the possession and the purpose for which the entry was made. The rule seems to have no application where a person takes and maintains a few acres of land in an uncultivated township, for the mere purpose of thereby gaining title to the entire township by an extension of his actual possession under his color of title to the exclusion of the rightful owner. *Chandler v. Spear*, 22 Vt. 388. Nor does the doctrine of

constructive possession of lands by the cultivation of a part, accompanied by a claim of the whole tract under color of title, apply to large tracts of land not purchased for actual cultivation.—*Jackson v. Woodruff,* 1 Cow. N. Y. 276; 13 Am. Dec. 525.

"And it has been held that in order that that part of the land which is not actually possessed may be deemed constructively so, it must be for use with or subservient to the part of which the complainant has actual posses-tion; in other words, constructive possession will extend only to such land as is used in connection with the land actually possessed, and to only so much as is reasonable and proper for the purpose according to the custom of the country. But the actual occupancy of only a part of a tract under color of title will give constructive pos-session of the remainder if it is, according to the custom of the country, naturally subservient to and used in con-nection with the part actually occupied."—1 Am. & Eng Ency. Law (2nd ed.), 864.

In the case at bar it seems necessary for us to deter-mine whether the possession of the few acres in the over-lap extended the defendant's possession to all of the land described in the deed from Norwood, as there was evi-dence disputing the claim of adverse possession to all of the land including the overlap; so too, the defendant proved acts of possession upon the land outside of the overlap, and we discuss the rule and exception therefrom in order that we may not create the impression that the actual possession of a small overlap under all conditions would necessarily extend the possession to all land de-scribed in the color of title.

"The doctrine of adverse possession rests upon the presumed acquiescence of the party against whom it is held, and such acquiescence again presumes knowledge. All the law requires, therefore, is that the possession, or rather the acts of dominion by which it is sought to be proved, shall be of such a character as may be reason-ably expected to inform the true owner of the fact of possession and adverse claim of title."—*Foulke v. Bond,* 41 N. J. Law, 547; *Farley v. Smith,* 39 Ala. 44. It is sufficient if such owner has either knowledge or notice of such fact of possession and claim, which, as said by

Baron Parke in *May v. Chapman,* 16 Mees. & Wel. 355, "Mean not merely express notice, but knowledge, or the means of knowledge, to which the party willfully shuts his eyes."—*Wells v. Sheerer,* 78 Ala. 142; *Woods v. Montevallo Co.,* 84 Ala. 560.

Charges 1 and 3 given at the request of the plaintiff did not go beyond the rule heretofore declared as to the notoriety of the possession and the acquiescence of the owner, and the trial court committed no error in giving them.

Charge 2 was faulty and the court erred in not refusing it. It required too high a degree of proof; it required the defendant to satisfy the jury and it was only necessary to *reasonably* satisfy the jury.—*Torrey v. Burney,* 113 Ala. 497; *Prince v. State,* 100 Ala. 146; *Eastis v. Montgomery,* 93 Ala. 293. It also requires that the possessory acts must have been such as "compelled" the plaintiff to know of the adverse claim; unless it or its agents willfully closed their eyes to the fact. While the rule is that such acts are sufficient, if such owner has either knowledge or notice of such facts of possession and claim; not merely express notice, but knowledge or the means of knowledge to which the party shuts his eyes. From reading the charge the jury might infer, that, even if the possessory acts were sufficient, the plaintiff would not be bound thereby, unless said acts *compelled* it to know of the adverse claim unless its agents shut their eyes thereto. The acts may have been sufficient, yet insufficient to compel the plaintiff to know of the adverse claim under all conditions. The charge was at least misleading and confusing and the jury might have inferred therefrom that acts of possession were not binding on the plaintiff, unless it had an opportunity to know and failed to know by closing its eyes. The acts of possession may have gone on, the plaintiff may not have closed its eyes, yet have so conducted itself by neglecting to go upon the land as to not be *compelled* to know of the adverse claim.

It is needless to consider the action of the court in excluding the statement of Grider, "It was his information that Norwood claimed the land which he attempted to convey to the defendant by said deed," as he subse-

quently testified, that "Norwood claimed to him on the day the deed was made that he owned this land and that it was known as Norwood's land." Nor was there any error in permitting the plaintiff upon cross-examination to ask the witness, "If it was not his information that the railroad was claiming the land at the time?" The witness had just testified that "Norwood was claiming it and it was known as the Norwood land," and it was certainly competent to show that others were claiming it, and to get from the witness all the information he had on the subject.

While declarations of ownership by a party in possession can be shown in establishing adverse possession, we do not think the rule includes acts of parties who were never in possession, and the objection to the question to witness, Dailey, "Did Norwood try to sell the land to anyone else?", was properly sustained.

The action of the trial court in sustaining the plaintiff's objection to the question to the defendant, "Why did you not pay the taxes on the land?", was proper. A witness cannot testify as to his uncommunicated motive or reason.—*Dent v. State*, 105 Ala. 14; *Ball v. Farley*, 81 Ala. 288.

The disclaimer related to only a small portion of the land and we do not see how it affected the amount of cost. The plaintiff recovered a judgment as to most of the land sued for, which carried the cost, and there was no error in rendering judgment against the defendant for all the cost.—*Buxbaum v. McCorley*, 99 Ala. 537.

For the error heretofore pointed out, the judgment of the county court is reversed and the cause remanded.

McCLELLAN, C. J., DOWDELL and DENSON, JJ., concurring.