(79 South. 253)

HARTFORD FIRE INS. CO. v. BANNISTER. (6 Div. 720.)

(Supreme Court of Alabama. May 16, 1918. On Rehearing, June 20, 1918.)

1. DAMAGES ⬥199—JUDGMENT BY DEFAULT —INTERVENTION OF JURY—STATUTE.

Suit on fire policy is not a case in which court is authorized, by Code 1907, § 5356, to ascertain amount of plaintiff's demand, and render judgment therefor, in case of default, without intervention of jury.

2. JURY ⬥28(3) — DEMAND FOR TRIAL — WITHDRAWAL WITHOUT CONSENT—STATUTE.

Under Acts 1915, pp. 939, 940, where defendant in default did not consent to plaintiff's withdrawal of demand for trial by jury, action of court in entering judgment for plaintiff without intervention of jury was erroneous; plaintiff's waiver of jury trial being ineffectual.

On Rehearing.

3. APPEAL AND ERROR ⬥1180(1)—REVERSAL —EFFECT.

Reversal of judgment for plaintiff, entered by court after defendant's default without intervention of jury, defendant not having consented to plaintiff's withdrawal of demand for jury trial, is effective only to remand cause for execution of proper writ of inquiry for ascertainment of damages by jury, and does not set aside default.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Suit by W. E. Bannister against the Hartford Fire Insurance Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Tillman, Bradley & Morrow, of Birmingham, and Roy M. Sterne, of New York City, for appellant. A. A. Griffith and F. E. St. John, both of Cullman, for appellee.

SOMERVILLE, J. Appellee sued appellant on a fire insurance policy, and indorsed on the summons and complaint a demand for trial by jury.

The judgment entry recites:

"Thereupon the defendant * * * comes not but makes default. And a jury trial being waived by the plaintiff in this cause, and same being considered by the court, the court proceeds to ascertain the amount of plaintiff's damages, which the court, by competent evidence, ascertains to be fifteen hundred dollars"

—and judgment was rendered accordingly.

The bill of exceptions shows that the plaintiff, in open court, waived a trial by jury before the complaint was read to the court. The record nowhere shows that the defendant waived trial by jury, or consented to the plaintiff's withdrawal of his demand therefor.

[1, 2] This is not a case in which the court is authorized by statute (Code, § 5356) to ascertain the amount of the plaintiff's demand and render judgment therefor without the intervention of a jury. Manhattan Fire Ins. Co. v. Fowler, 76 Ala. 372; Home Protection Co. v. Caldwell, 85 Ala. 607, 5 South. 338. Unless a jury was waived by the parties, the action of the court in this case was clearly erroneous. When either party demands a trial by jury, the demand cannot be withdrawn without the consent of the other party. General Acts 1915, pp. 939, 940. And we have expressly held that this rule applies to a defendant who is in default. Ex parte Florida Nursery & Trading Co., ante, p. 97, 77 South. 391.

Plaintiff's waiver of a jury trial, defendant not consenting, was therefore wholly ineffectual, and the judgment was erroneous.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. [3] The judgment of reversal in this cause is effective only for the purpose of remanding the cause for the execution of a proper writ of inquiry for the ascertainment of damages by a jury. It does not, and could not, set aside the default in the trial court—a matter that is not before us on this appeal. Koosa & Co. v. Warten, 158 Ala. 496, 48 South. 544.