(87 South. 96)

### WETZEL v. BIRMINGHAM SOUTHERN R. CO. (6 Div. 981.)

(Supreme Court of Alabama. Oct. 28, 1920.)

**1. Railroads ⬸346(2) — Instruction erroneous in misplacing burden of proof imposed by statute.**

In an action for injuries at a road crossing within Code 1907, §§ 5473, 5476, a charge that before defendant's servants can be found guilty of wantonness the burden is on plaintiff to reasonably satisfy the jury that the engineer, with knowledge of the circumstances and with reckless disregard of the consequences, operated the train at an excessive rate of speed and without giving warning is erroneous as misplacing the burden of proof imposed by the statute.

**2. Trial ⬸237(3)—Charge requiring proof to satisfy jury held to exact too high degree of proof.**

In an action for injuries at a railroad crossing, a charge that before the jury could find defendant's servants guilty of wantonness the burden was on plaintiff to "reasonably satisfy" the jury that certain facts existed was erroneous as exacting too high a degree of proof.

**3. Railroads ⬸351(23)—Charge making wantonness dependent on proof of lack of signals held erroneous under evidence.**

In an action for injuries at a railroad crossing, charges requiring a finding of failure to sound crossing signals to convict the engineer of wantonness were erroneous, where it was legally possible, under the evidence of the jury, to find the engineer had been guilty of wantonness, though he did sound the signals.

**4. Railroads ⬸351(22)—Charge on discovered peril held erroneous.**

In an action for injuries at a crossing, a charge that, in determining whether the engineer was guilty of negligence after discovering

plaintiff's peril, the jury might consider that he was acting in an emergency, and that if he used the care that a competent engineer of reasonable prudence would have used under like circumstances he would not be negligent, is erroneous as not defining the degree of care required of an engineer under the circumstances.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by Ed. Wetzel against the Birmingham Southern Railroad Company for damages alleged to have been suffered in a collision. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The following charges were given at the instance and request of the defendant:

N. The court charges the jury that it was not sufficient, in order to entitle you to bring in a verdict for the plaintiff, that he received injuries while crossing the railroad track of the defendant, on account of defendant's train colliding with him; but before he can recover the burden is upon him to satisfy the jury and each individual juror that the defendant has been guilty of some act of negligence charged in the complaint, or of wanton or willful or intentional misconduct, and until he has discharged this burden he will not in any event be entitled to a verdict.

N. 2. Before you can find that the defendant's servants or agent were guilty of wantonness, the burden is upon the plaintiff to reasonably satisfy you from the evidence that the servants of the defendant, operating the train with knowledge of the existence of conditions at the crossing as made it likely or probable that some one would be exposed to danger on the crossing, with such knowledge, did or omitted to do some act, consciously, or with reckless indifference to consequence; and I further charge you that, before you can find that the engineer in operating the train was guilty of such wanton misconduct, the plaintiff must have reasonably satisfied you from the evidence that, with knowledge of such condition of the crossing and with a reckless disregard to consequences, he operated the train at an excessive rate of speed and without giving warning of its approach.

(41) Before you can convict the defendant's engineer of wantonness in this case, the plaintiff must have reasonably satisfied you from the evidence that the engineer had reason to believe that persons were or probably would be in exposed positions on the track, and that, with such knowledge and with a reckless indifference to consequences, he ran his train on and across such crossing at an excessive rate of speed without giving warning.

O. Before you can find that defendant's engineer was guilty of wantonness in operating the train, the plaintiff must have reasonably satisfied you from the evidence that, with knowledge of condition at the crossing which caused him to know that some one would probably be on the crossing and exposed to danger, he knowingly and consciously, and with reckless indifference to consequences, both operated the train at a reckless rate of speed and without giving signals of approach to said crossing.

(25) Unless the plaintiff has reasonably satisfied you from the evidence that defendant's engineer was guilty of negligence which proximately contributed to cause his injury after he discovered plaintiff's peril, then plaintiff cannot recover under the second count of the complaint, and in determining whether or not he was guilty of such subsequent negligence you may consider the fact, if it be a fact, that he was acting in an emergency, and if you believe from the evidence that he used the kind of care that a competent engineer of reasonable prudence would have used under like circumstances, then I charge you that he would not be guilty of negligence.

W. A. Denson, of Birmingham, for appellant.

The count erred in giving charge N. Section 5476, Code 1907; 177 Ala. 346, 58 South. 433; 144 Ala. 530, 41 South. 612; 119 Ala. 666, 24 South. 459; 146 Ala. 512, 40 South. 1017; 126 Ala. 103, 27 South. 760; 202 Ala. 406, 80 South. 504; 198 Ala. 302, 73 South. 513. Charges 41 and O were improperly given. 119 Ala. 563. Charge 25 was improperly given. 197 Ala. 71, 72 South. 367. The fact that the jury found for the defendant on the subsequent negligence count did not render the giving of the charges innocuous. 184 Ala. 421, 63 South. 992; 184 Ala. 570, 64 South. 46; 192 Ala. 636, 69 South. 57; 75 South. 191.

Percy, Benners & Burr, of Birmingham, for appellee.

Counsel discuss their motion to strike bill of exceptions, with citation of authority, but do not discuss the case on its merits.

SAYRE, J. [1, 2] Plaintiff (appellant) was injured in a collision between the automobile he was driving and a locomotive engine drawing a train on defendant's railroad. The place of the accident was a public road crossing on a curve where the engineer could not see one-fourth of a mile ahead. In these circumstances the trial court erred in giving charge N at defendant's request. This charge misplaced the burden of proof. Code, §§ 5473, 5476; Billingsley v. N. C. & St. L. Ry., 177 Ala. 346, 58 South. 433. And had the charge not been faulty in the respect pointed out, it should have been refused for the reason that, under our decisions, it would have exacted too high a degree of proof. Torrey v. Burney, 113 Ala. 496, 21 South. 348; Lawrence v. Ala. State Land Co., 144 Ala. 524, 41 South. 612; Miller v. Whittington, 202 Ala. 406, 80 South. 499, where a number of cases are cited.

[3] Charges 41 and O should have been refused. It was legally possible under the evidence that the jury should find that defendant's engineer had been guilty of wantonness, even though he did sound signals of approach. Charge N2 is open to the same criticism.

[4] Charge 25, given for defendant, does

not define the degree of care required of an engineer after he discovers a person in peril as it has been defined in the decisions of this court. Brown v. Central of Georgia, 197 Ala. 71, 72 South. 366.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes