(93 South. 693)

## MERRITT v. BLACKWELL. (8 Div. 360.)

(Supreme Court of Alabama. Oct. 20, 1921.)

Appeal and error ⬅➡627(2)—Motion to dismiss appeal sustained, if transcript not filed in time.

Under Acts 1919, p. 85, where an appeal was taken from a decree of the probate court on October 15, 1920, the next term of the Supreme Court thereafter being on January 31, 1921, and no certificate of appeal was filed at that term, or further time given for filing a transcript, which was not filed until May 17, 1921, a motion to dismiss the appeal should be granted.

Appeal from Probate Court, Madison County; Thomas W. Jones, Judge.

Petition by Lewis G. Blackwell for probate of the will of Sarah J. Brown, with contest by Howard B. Merritt. From a decree granting the probate, contestant appeals. Appeal dismissed.

The judgment was rendered on September 15, 1920. Security for cost of appeal was filed October 15, 1920. On May 10, 1921, notice of appeal was filed. A bill of exceptions was presented and signed on December 10, 1920, and the case filed in the Supreme Court on May 14, 1921. Motion to dismiss filed May 16, 1921.

Douglass Taylor, of Huntsville, for appellant.

Counsel discuss the case as submitted on its merits, but do not discuss the matter of the motion.

Lanier & Pride, of Huntsville, for appellee.

The appeal should be dismissed, because the transcript was not filed within 60 days after the signing of the bill of exceptions. Acts 1919, p. 85; 204 Ala. 195, 85 South. 778.

THOMAS, J. The appeal is by a contestant from a decree in the probate court probating a will. The grounds of contest were lack of testamentary capacity and undue influence on the part of proponent and wife. The submission was on motion and on merits. The grounds of the motion to dismiss the appeal are that the transcript was not filed with the clerk of the Supreme Court "within 60 days after the signing of the bill of exceptions" on December 10, 1920, and the transcript was filed on May 17, 1921. Acts 1919, p. 85; Butler Cotton Oil Co. v. Brooks, 204 Ala. 195, 85 South. 778.

In Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363, the observation is made of the statute that it applies to appeals taken under the provisions of chapter 53 of the Code (of which are sections 2853–2867, providing for appeals from decrees of probate court); that, "had the case not been docketed in this court until the subsequent term, there may have been merit in movant's motion"; and that the provision for filing the transcript within 60 days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same was not applicable to an equity case. This statutory requirement was recently applied in a criminal case. Morton v. State, 206 Ala. 300, 89 South. 655.

The instant appeal was taken from the decree of the probate court to this court, on

October 15, 1920; the next term thereafter (of this court) embracing Madison county was on January 31, 1921; and no certificate of the appeal was filed at that term nor further time given by this court (Hines v. McMillan, 17 Ala. App. 509, 87 South. 696) for filing the transcript, which was not filed until May 17, 1921 (Porter v. Martin, 139 Ala. 318, 35 South. 1006; State v. Five Passenger Buick Auto, 205 Ala. 699, 87 South. 925). On May 16 the motion to dismiss was duly made on stated grounds, which is granted, and the appeal is dismissed.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

⚬⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes