(104 So. 789)

EWART–BREWER MOTOR CO. v. CUNNINGHAM. (6 Div. 356.)

(Supreme Court of Alabama. April 16, 1925. Rehearing Denied June 25, 1925.)

1. Jury ⬩28(3)—Withdrawal of demand for jury trial of no effect without consent of defendant.

Under Code 1923, § 8597; Acts 1915, pp. 939, 940, where plaintiff has indorsed upon his summons and complaint a demand for trial by jury, he cannot thereafter withdraw his demand or waive trial by jury without consent of defendant, even where ascertainment of damages on a writ of inquiry after judgment by default is concerned.

2. Appeal and error ⬩685—Record must affirmatively show defendant's consent to withdrawal of demand for jury.

Where plaintiff, having demanded a jury, proceeds to judgment against defendant by default, the execution of writ of inquiry and judgment thereon for damages ascertained without intervention of jury will be held erroneous, unless record affirmatively shows that defendant consented thereto.

3. Appeal and error ⬩900—Ordinary presumptions inapplicable, where exceptional conditions required.

Where the law requires an exceptional condition used as a basis for exceptional action to affirmatively appear of record, the ordinary presumptions in favor of regularity of the proceeding do not apply.

4. Appeal and error ⬩685—Judgment entry held not to show affirmatively that defendant consented to withdrawal of demand for jury.

Judgment entry that it appeared to court that demand for jury in this cause had been withdrawn, the defendant then being in default, held not an affirmative showing that defendant had consented to the withdrawal, or had appeared and waived such a trial.

5. Appeal and error ⬩939—Permission to file transcript implied, where no objections to continuances.

Where appeal was docketed and discontinuances were twice entered at regular call days, motion to dismiss appeal made thereafter would not be granted where transcript was filed at next regular call of docket for that division; permission for filing being implied by absence of objections to continuances.

**6. Appeal and error ⚫⇒792—Appeal from judgment set aside not dismissed, where judgment reinstated before motion made.**

Appeal taken after judgment was set aside would not be dismissed ex mero motu on ground that there was nothing to support it, where, before motion to dismiss was made, original judgment had been reinstated.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by E. N. Cunningham against the Ewart-Brewer Motor Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code of 1923, § 7326. Reversed and remanded.

See, also, 19 Ala. App. 584, 99 So. 834.

Haley & Haley, and Harsh, Harsh & Harsh, all of Birmingham, for appellant.

Demand for jury cannot be waived by plaintiff without consent of defendant, and a judgment for damages by the judge without jury is erroneous. Ex parte Cunningham, 17 Ala. App. 584, 99 So. 835; Fla. Nursery Co. v. Watson, 201 Ala. 97, 77 So. 391; Greer & Walker v. Liipfert Scales Co., 156 Ala. 572, 47 So. 307. The record proper must show a waiver by defendant. Fla. Nursery Co. v. Watson, supra.

George Frey and W. B. Harrison, both of Birmingham, for appellee.

Where judgment against defendant is set aside on his motion, he cannot thereafter appeal from original judgment. Moore v. Lawson, 43 Ala. 513; Knowles v. Thompson, 133 Cal. 245, 65 P. 468; Montevallo Co. v. Reynolds, 44 Ala. 252. It will be presumed that there was consent by defendant to the withdrawal of demand for a jury. Moore v. Crosthwait, 135 Ala. 275, 33 So. 28; Knight v. Farrell, 113 Ala. 258, 20 So. 974; 4 C. J. 754; 3 C. J. 805; Hurst v. Rudder, 164 Ala. 504, 51 So. 519; Shafer v. Hausman, 139 Ala. 237, 35 So. 691; Toon v. Finney, 74 Ala. 343; Mudge v. Treat, 57 Ala. 1. The appeal should be dismissed. Acts 1919, p. 85, § 4; Merritt v. Blackwell, 208 Ala. 263, 93 So. 693.

SOMERVILLE, J. [1] It is thoroughly well settled under our present statute (section 8597, Code 1923; Gen. Acts 1915, pp. 939, 940) that, when the plaintiff has indorsed upon his summons and complaint a demand for trial by jury, he cannot thereafter withdraw his demand or waive trial by jury without the consent of the defendant, and that this applies to the ascertainment of damages on a writ of inquiry after a judgment by default. Ex parte Florida Nursery & Trading Co., 201 Ala. 97, 77 So. 391; Hartford Fire Ins. Co. v. Bannister, 201 Ala. 681, 79 So. 253; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97.

[2] Where the plaintiff has thus demanded a jury, and has proceeded to judgment against the defendant by default, the execution of a writ of inquiry, and judgment thereon for the damages ascertained, without the intervention of a jury, will be held erroneous on appeal, unless the record affirmatively shows that the defendant consented thereto. Hartford Fire Ins. Co. v. Bannister, supra; Ex parte Florida Nursery & Trading Co., supra.

[3, 4] Counsel for appellee conceive that this consent is sufficiently shown by the judgment entry, which contains the following recital:

"On this the 15th day of January, 1923, came the plaintiff by his attorney, and moves the court to assess his damages, and, it appearing to the court that the demand for jury in this cause has been withdrawn, the court, upon plaintiff's motion, proceeds to hear and determine this cause."

But the recital that the plaintiff came—the defendant never having been before the court, and being then in default—does not permit the presumption that the defendant also came, for it suggests quite the contrary. So the recital that "the demand for jury in this cause has been withdrawn" can mean nothing more nor less than that the demand was withdrawn by the party who made it, for no one else could have withdrawn it. In fact, that recital was based on a showing of the record proper that the plaintiff came on that day, "and, with leave of the court first had and obtained, withdraws his demand for a jury in said cause."

When the law requires an exceptional condition, used as a basis for exceptional action, to affirmatively appear of record, very clearly the ordinary presumptions in favor of the regularity of the proceeding do not apply. The record should have shown in this case that the defendants consented to the withdrawal of the plaintiff's demand for a jury, or that they appeared and otherwise waived such a trial. The cases cited by counsel for appellee, including Knight v. Farrell, 113 Ala. 258, 20 So. 974, are not in point, because it affirmatively appeared that the party charged with the waiver was actually present in court.

[5] It results that that part of the judgment which ascertained and assessed the damages was irregular and erroneous. It was rendered on January 15, 1923. On April 20, 1923, the defendants filed their motion for a rehearing under the four-month statute (section 9521, Code 1923, and the motion was granted setting aside the judgment on June 14, 1923. On June 15, 1923, the defendants filed their appeal bond for appeal from the judgment rendered for plaintiff, and on May 29, 1924, the appellee filed in the Court of Appeals his motion to dismiss the appeal, because no transcript nor certificate of appeal had been filed in the cause. The record

shows, however, that a certificate of appeal was filed on November 26, 1923; that the cause was docketed, and a continuance entered on November 27, 1923; that it was again continued on April 22, 1924; and that on June 12, 1924, the motion to dismiss was submitted in the Court of Appeals; but that on November 25, 1924, that submission was set aside, the transcript was filed, and the cause was resubmitted on the motion and on the merits.

It thus appears that appellee's motion to dismiss the appeal was not made until after the cause had been twice continued at regular calls. Those continuances, without objection so far as appears, imported by necessary implication a permission to the appellants to file their transcript at the next regular call of the docket for the Sixth division, which the record shows they did. Under the circumstances the motion to dismiss the appeal, as for any of the grounds stated therein, cannot be granted. Street v. Shaddix, 197 Ala. 446, 73 So. 73. The case is different from that presented in Merritt v. Blackwell, 208 Ala. 263, 93 So. 693, relied on by counsel for appellee. In the latter case no certificate of appeal had been filed, and no continuances entered on the docket, and, when the transcript was finally filed after the lapse of a call of the division, a motion to dismiss the appeal, then made, was seasonably made, and was therefore properly granted.

[6] But, independently of the grounds stated in the motion, appellee makes the point that this appeal was nugatory, and should be dismissed by the appellate court ex mero motu, because, when the appeal was taken, the judgment had been set aside on the defendant's petition, and there was nothing to support the appeal.

It has indeed been held by this court that even the pendency of a motion or petition for new trial will prevent the entertainment of an appeal from the original judgment; and on motion by the appellee setting up that fact the appeal was dismissed. Supreme Lodge, etc., v. Thomas, 130 Ala. 275, 30 So. 567. And, very clearly, had such a motion been made in the Court of Appeals when this appeal came before it, the motion must perforce have been granted, for at that time (November 26, 1923) the judgment of the circuit court setting aside the original judgment was still in force. But the appellee made no such motion, nor any motion at all, until May 29, 1924, the Court of Appeals having in the meantime, on January 22, 1924, vacated the judgment of June 14, 1923, setting aside the original judgment, by a writ of mandamus at the suit of the plaintiff. Ex parte Cunningham, 19 Ala. App. 584, 99 So. 834. The effect of that writ, acting on the trial court, was to reinstate the original judgment in favor of the plaintiff, and the judg-

ment and the status of the parties were as though they had never been disturbed.

Under these conditions the cause on appeal was continued at the April, 1924, call, and thereafter there was no obstacle to the entertainment of the appeal; the motion thereafter filed by the appellee on other grounds notwithstanding. Hence the reasons for refusing to entertain the appeal, as stated in Supreme Lodge, etc., v. Thomas, supra, not existing, the rule can have no application here. There is no question of res judicata presented or involved.

It results that the motion to dismiss the appeal will be overruled, and the judgment appealed from will be reversed and the cause remanded for the execution of a proper writ of inquiry for the assessment of damages by a jury; the judgment by default being allowed to stand undisturbed. Hartford Fire Ins. Co. v. Bannister, 201 Ala. 681, 79 So. 253.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.