(104 So. 402)

**Ex parte BOZEMAN.**

**BOZEMAN v. DILLARD.**

(8 Div. 748.)

(Supreme Court of Alabama. April 16, 1925. Rehearing Denied May 28, 1925.)

I. Damages ⬤⇒199—Right to jury when demanded may not be waived without consent of adverse party.

Right to jury when demanded, under Code 1923, § 7881, may not be waived without consent of adverse party.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Judgment ⟨⟩153(2) — Court may restore case to docket over 30 days after default judgment for assessment of damages by jury demanded by plaintiff.**

Court rendering judgment by default could restore case to docket for execution of writ of inquiry and assessment of damages by jury demanded by plaintiff, on motion, filed more than 30 days after judgment, to set it aside, Code 1923, § 6670, applying to valid judgment.

**3. Mandamus ⟨⟩14(1)—Not granted to compel court to vacate order setting aside default, in absence of motion or application to court to set aside order.**

Writ of mandamus, requiring court to vacate order setting aside default judgment and restoring cause to docket, will be denied, in absence of motion or application to court by petitioner to set aside order.

Original petition by Minnie Bozeman for mandamus to Hon. B. H. Sargent, as Judge of the Law and Equity Court of Franklin County, to require him to vacate an order entered in a case wherein petitioner was plaintiff and Joe F. Dillard was defendant. Writ denied.

The petition alleges that on September 10, 1924, petitioner, as plaintiff, began a suit in the law and equity court against Joe F. Dillard by filing the complaint set out; that on said date summons was issued by the clerk of said court, which said summons, with a copy of the complaint, was served upon the defendant on September 13, 1924; that on October 20, 1924, petitioner (plaintiff) moved the court for a judgment by default, whereupon, the defendant having made default, the court proceeded to assess damages, after hearing evidence without the intervention of a jury, and rendered judgment by default in favor of petitioner.

It is further shown that on January 15, 1925, defendant Dillard filed motion to set aside the judgment rendered on this ground, among others:

"4. The record in this case shows that the plaintiff demanded a trial by jury, and a judgment for damages could not thereafter be rendered against this defendant except at a jury term of this court and by a jury sworn and impaneled in said cause."

Further, it is alleged that defendant's motion was set for hearing February 3, 1925, on which date petitioner appeared specially and filed her motion to strike defendant's motion, on the grounds (1) that the law and equity court does not have jury and nonjury terms, but is open for trial of causes at any time the judge deems proper; (2) that defendant having made default, the court had authority to assess damages without the intervention of a jury as provided by law; and (5) that more than 30 days passed before the motion was filed; and that on said 3d day of February, 1925, the said judge overruled petitioner's motion to strike, and granted defendant's motion to set said judgment aside, and restored the cause to the docket.

The prayer is that a writ of mandamus issue to the judge of the law and equity court requiring him to vacate said order of February 3, 1925.

Stell & Quillin, of Russellville, for petitioner.

The order or judgment setting aside default judgment was void, and mandamus is the proper remedy. Ex parte Margart, 207 Ala. 604, 93 So. 505; Mt. Vernon Mills v. Judges, etc., 200 Ala. 168, 75 So. 916; Ingram v. Ala. Power Co., 201 Ala. 13, 75 So. 304; Local Acts 1923, p. 274, § 10; Code 1923, §§ 7881, 6670; Sou. Ry. v. Blackwell, 211 Ala. 216, 100 So. 216; Howard v. Ala. F. & I. Co., 208 Ala. 500, 94 So. 531; Ex parte Cunningham, 19 Ala. App. 584, 99 So. 834.

Williams & Chenault, of Russellville, opposed.

The judgment by default was an interlocutory order, and remained in the court subject to further action. The court did not lose control over it, under either the 30-day or 4-month statute. Martin v. Price, Minor (Ala.) 68; Ex parte Overton, 174 Ala. 256, 57 So. 434. Petitioner could not withdraw her demand for a jury, and the judgment without a jury verdict was unauthorized and void. Prudential Cas. Co. v. Kerr, 202 Ala. 259, 80 So. 97; Insurance Co. v. Lowe, 208 Ala. 12, 93 So. 765; Ex parte Florida, etc., Co., 201 Ala. 97, 77 So. 391.

THOMAS, J. The petition is for mandamus to the judge of the law and equity court of Franklin county, to vacate an order made on motion as to assessment of damages by the court after default when a jury was demanded.

[1] The provisions of section 7881, Code of 1923, are specific, in that either party may have the damages assessed by a jury. The statute merely declares the rule established by this court concerning the right to a jury when demanded, and the same may not be waived without the consent of the adverse party. Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97; Ex parte Florida Nursery & Trading Co., 201 Ala. 97, 77 So. 391; Hartford Fire Ins. Co. v. Bannister, 201 Ala. 681, 79 So. 253; Liverpool, etc., Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765.

[2, 3] The judgment by default against defendant was interlocutory until there was a proper assessment of the damages by a jury on execution of writ of inquiry. The 30-day statute has application to a valid judgment. Code 1923, § 6670. The court did not lose control over the judgment by

default to restore the case to the docket for the execution of the writ of inquiry and a proper assessment of the damages by a jury as demanded by the plaintiff. Moreover, there was no motion made or application by petitioner to the court to set aside the order complained of. Ex parte Edwards, 123 Ala. 102, 26 So. 643; Hill v. Tarver, 130 Ala. 592, 30 So. 499; Moseley v. Collins, 133 Ala. 326, 32 So. 131.

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.