177 So.2d 326

**Will E. PRIMM**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 937.**

Court of Appeals of Alabama.

March 10, 1964.

Arthur D. Shores and Oscar W. Adams, Jr., Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

JOHNSON, Judge.

Appellant prosecutes this appeal from a conviction for a violation of Section 1159 of the General City Code of Birmingham, Alabama, of 1944. The case was tried in the Recorder's Court of the City of Birmingham and the appellant was fined $25.00 and costs and sentenced to thirty days of hard labor which was subsequently suspended. A trial de novo in the Circuit Court of Jefferson County, Alabama, before the Honorable George Lewis Bailes, sitting without a jury, resulted in a conviction of the appellant under Count II of the City's complaint and a fine imposed in the amount of $25.00 and costs. From this conviction and fine, this appeal is made.

Section 1159 of the General City Code of Birmingham, Alabama, of 1944 reads as follows:

"Sec. 1159. Parading.

"It shall be unlawful to organize or hold, or to assist in organizing or holding, or to take part or participate in any parade or procession or other public demonstration on the streets or other public ways of the city, unless a permit therefor has been secured from the commission.

"To secure such permit, written application shall be made to the commission, setting forth the probable number of persons, vehicles and animals which will be engaged in such parade, procession or other public demonstration, the purpose for which it is to be held or had, and the streets or other public ways over, along or in which it is desired to have or hold such parade, procession or other public demonstration. The commission shall grant a written permit for such parade, procession or other public demonstration, prescribing the streets or other public ways which may be used therefor, unless in its judgment the public welfare, peace, safety, health, decency, good order, morals or convenience require that it be refused. It shall be unlawful to use for such purposes any other streets or public ways than those set out in said permit.

"The two preceeding paragraphs, however, shall not apply to funeral processions. (1930, Secs. 5818–5820)"

The count under which the appellant was convicted reads as follows:

"Comes the City of Birmingham, Alabama, a municipal corporation, and complains that Will E. Primm within twelve months before the beginning of this prosecution and within the City of Birmingham or the police jurisdiction thereof, did participate in a demonstration on the streets or other public ways of the City, to-wit, at or near 3rd Ave. North and 19th Street without first securing a permit therefor from the Commission contrary to and in violation of Section 1159 of the General City Code of Birmingham of 1944."

Officer James P. Renshaw, the arresting officer, testified that he first saw the appellant shortly after 11:00 A.M. on the morning of the arrest and that he was on the

corner at 3rd Ave. and 19th Street waiting for a traffic light. Officer Renshaw further testified that the appellant was "nicely dressed" and that he had a card "pinned to his coat" that was roughly 3x5 or 3x4 inches in length and width and that the following words were written on it, "Three went to jail for freedom. Was it worth it?"

Officer Renshaw further testified that the appellant was alone at the time that he first saw him and when he arrested him, that he was neither "loud or boisterous" nor "blocking traffic", and that he was not "walking in any type of formation". He said that about twenty or thirty seconds at the most lapsed between the time he spotted defendant Primm and the time he placed him under arrest. Officer Renshaw admitted on cross-examination that all that he saw the appellant do "was attempt to cross the street and had pinned to him this little badge, or placard". Officer Yager, who assisted Officer Renshaw, testified that he "had this sign pinned on his chest".

The record affirmatively shows that four persons, including Primm, were arrested for allegedly violating the above parading ordinance but it further discloses that none of the four were together and that approximately two hours lapsed from the time of the first arrest to the time of the last arrest, and that one of the four was arrested at a different street corner than the corner where Primm and the two others were arrested. The only evidence showing a common purpose or plan was the fact that each of the four had a small card with the same wording printed on it pinned to his chest.

■ Applying the city ordinance to the undisputed facts as set out above, we are of the opinion that the appellant was not engaged in a parade, procession or public demonstration as contemplated by or within the prohibition of the ordinance. Although the ordinance fails to define the meaning of a parade, procession or public demonstration, the requirement of setting forth the number of persons, vehicles and animals as well as the purpose of the parade and the routes over which it will proceed, in the application for the permit, indicates that the design of the ordinance was to allow the city to control and regulate activities composed of several elements and not of one individual.

The evidence shows that the appellant in no way obstructed vehicular or pedestrian traffic, was not part of a crowd or organized group and that his demeanor and conduct in no way attracted the attention and observation of the public that is normally associated with a parade, procession or public demonstration.

To hold that the acts of the defendant Primm were violative of the above parading ordinance would, in effect, require a parading permit to be procured by every conventioneer wearing a large political button attempting to cross a street, or by every sporting enthusiast waving a pennant that denotes his loyalties while proceeding to the field of encounter. We are, therefore, of the opinion that the evidence in this case is insufficient to sustain the conviction. The motion to exclude the evidence should have been granted by the trial judge. Montgomery v. Mayor, etc. of Athens, 105 Ga.App. 57, 123 S.E.2d 339.

■ The constitutionality of the ordinance will not here be considered as it is not essential for the disposition of the case. Hill et al. v. Tarver, Recorder, etc., 130 Ala. 592, 30 So. 499; Bray v. State, 140 Ala. 172, 37 So. 250.

Reasoning does not lead us to the conclusion that there is additional evidence available for another trial of this cause.

The judgment of the Circuit Court is reversed and judgment is here rendered discharging appellant from further custody in this proceeding.

Reversed and rendered.